UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SCHOONER HARBOR VENTURES, INC.,<br>Plaintiff,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No. 06-87 L<br>Honorable Marian Blank Horn |

**ANSWER**

Pursuant to Rule 7(a) of the Rules of the United States Court of Federal Claims, Defendant, the United States of America, by and through its undersigned counsel, hereby answers the allegations in the numbered paragraphs of Plaintiff's Complaint as follows:

I. The allegations contained in Paragraph I merely summarize Plaintiff's contentions and request for relief and set forth conclusions of law to which no response is required. To the extent a response is required, the United States denies the allegations contained in Paragraph I. The United States denies that there has been a taking of Plaintiff's property.

II. The United States admits that 28 U.S.C. § 1491 confers jurisdiction upon this Court to hear claims arising under the Just Compensation Clause of the Fifth Amendment to the United States Constitution. The United States denies the remaining allegations contained in Paragraph II.

PARTIES

III. The United States is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph III, and therefore denies the same.

IV. The United States admits that the United States Fish and Wildlife Service ("FWS") is a federal agency of the United States Department of the Interior. The remaining allegations of Paragraph IV consist of legal conclusions and Plaintiff's characterizations of the Endangered Species Act, 16 U.S.C.A. §1531, et. seq., ("ESA"). The ESA is the best evidence of its contents. The United States avers that Rule 4 of the Rules of the Court of Federal Claims ("RCFC") provides that service of a complaint upon the United States shall be made through the delivery of copies of the complaint by the Clerk of the Court of Federal Claims to the Attorney General or the Attorney General's designated agent. see RCFC 4(a). The United States denies any remaining allegations contained in Paragraph IV.

STATEMENT OF FACTS

V. The United States is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph V, and therefore denies the same. The United States avers that, in May 2002, Plaintiff transferred by warranty deed to the United States through the United States Department of Navy ("Navy") approximately 74.64 acres of real property located north of Interstate 10 on Mississippi Highway 57 in Jackson County, Mississippi.

VI. The United States is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph VI, and therefore denies the same. The allegations set forth in the second sentence of Paragraph VI contain conclusions of law to which no response is required. To the extent a response is required, the United States denies the allegations contained in the second sentence of Paragraph VI. The United States is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the third sentence of Paragraph VI, and it is not possible to respond to Plaintiff's allegation regarding its subjective expectations; therefore, the United States denies the allegations contained in the third sentence of Paragraph VI. The United States is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the fourth sentence of Paragraph VI, and therefore denies the same.

VII. The United States admits that the Navy purchased the property referenced in Paragraph V of the Complaint with the intent to use it for housing. The United States is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph VII, and therefore denies the same.

VIII. The United States is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph VIII, and it is not possible to respond to Plaintiff's allegation regarding its subjective desires; therefore, the United States denies the allegations contained in Paragraph VIII.

IX. The United States admits that the Mississippi Sandhill Crane is a federally listed endangered species under the ESA. The United States admits that the property referenced in Paragraph V of the Complaint was located within an area designated by the FWS as critical habitat for the Mississippi Sandhill Crane. Defendant denies the remaining allegations contained in Paragraph IX.

X. Paragraph X consists of Plaintiff's characterizations of a letter attached as Exhibit A to the Complaint and dated August 3, 2001, from Larry Goldman, FWS Daphne, Alabama Field Supervisor, to Richard Davis, a Navy employee. The August 3, 2001, letter is the best evidence of its contents.

XI. To the extent Paragraph XI consists of Plaintiff's characterization of the cost it incurred to purchase the off-site property, the United States is without sufficient knowledge or information to form a belief as to the truth or falsity of such allegations, and therefore, denies the same. Defendant denies the remaining allegations contained in Paragraph XI.

XII. The United States admits that the United States Congress enacted the Endangered Species Act ("ESA") in 1973. see 16 U.S.C. §1531, et seq. This Act is the best evidence of its contents.

XIII. The ESA is the best evidence of its contents, and therefore no further response is required.

XIV. Defendant avers that 50 C.F.R. § 17.3 is a federal regulation and believes Plaintiff intended to cite to this regulation in Paragraph XIV of the Complaint. 50 C.F.R. § 17.3 is the best evidence of its contents. Defendant denies the remaining allegations contained in Paragraph XIV.

XV. The ESA is the best evidence of its contents. see 16 U.S.C. §1531, et seq. The United States avers that pursuant to the ESA and the FWS's implementing regulations, the FWS determines whether a species should be listed as endangered or threatened. Defendant denies the remaining allegations contained in Paragraph XV.

XVI. Deny.

XVII. Deny. The United States avers that in January 2001 or February 2001, it came to the attention of the Refuge that the Navy was considering sites, among which was the property referenced in Paragraph V of the Complaint, with the intention of selecting one site to use for housing.

XVIII. Paragraph XVIII consists of Plaintiff's characterizations of a letter attached as Exhibit B to the Complaint and dated April 25, 2001, from the FWS to Richard Davis, a Navy employee. The April 25, 2001, letter is the best evidence of its contents.

XIX. Deny.

XX. Paragraph XX consists of Plaintiff's characterizations of the content of a Biological Opinion issued by the FWS on February 12, 2002. The Biological Opinion is the best evidence of its contents. The United States avers that the Biological Opinion was issued by the FWS on February 12, 2002, as part of its formal consultation with the Navy pursuant to Section 7 of the ESA. The United States denies any remaining allegations contained in Paragraph XX.

XXI. The United States denies the first sentence of Paragraph XXI. The remaining allegations in Paragraph XXI set forth characterizations of the content of the ESA and legal conclusions. The ESA is the best evidence of its contents. Defendant denies the remaining allegations in Paragraph XXI.

COUNT I

XXII. The United States incorporates its responses to Paragraphs I through IV of the Complaint as if fully set forth herein.

XXIII. The United States is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation in Paragraph XXIII regarding Plaintiff's acquisition of a fee simple interest in the property referenced in Paragraph XXIII and V of the Complaint, and therefore, denies the same. The remaining allegations contained in Paragraph XXIII consist of

legal conclusions, to which no response is required. To the extent a response is required, the United States denies the remaining allegations contained in Paragraph XXIII.

XXIV. The allegations set forth in Paragraph XXIV contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph XXIV.

PRAYER

The Prayer summarizes Plaintiff's request for relief, and therefore no response is required. The United States denies that this Court has jurisdiction to grant Plaintiff declaratory relief or to hear claims arising under the Fourteenth Amendment to the United States Constitution.

All allegations of the Complaint that have not been specifically admitted, denied, or otherwise answered are hereby denied.

FIRST AFFIRMATIVE DEFENSE

The allegations of the Complaint fail to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction to grant the equitable relief or to hear claims arising under the Fourteenth Amendment to the U.S. Constitution, as sought in Paragraph I and the Prayer.

WHEREFORE the Defendant requests that this Court dismiss this action, deny in all respects the relief sought by Plaintiff, enter judgment for the Defendant, and grant Defendant such other relief as the Court may deem just and proper.

Dated: May 4, 2006

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment & Natural Resources Division

s/ Kelle S. Acock

Kelle S. Acock
Natural Resources Section
Environment & Natural Resources Division
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0428
Attorney of Record for Defendant

Of Counsel:

Vicki Mott
Department of the Interior
Office of the Solicitor
Atlanta, Georgia 30303

Mary Raivel
Navy Litigation Office
Washington Navy Yard, D.C. 20374