UNITED STATES COURT OF FEDERAL CLAIMS

(E-field: June 26, 2006)

| | | |
|---|---|---|
| SCHOONER HARBOR VENTURES, INC., Plaintiff, | ) | No. 06-87 L |
| v. | ) | Honorable Marian Blank Horn |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

The parties, Plaintiff Schooner Harbor Ventures, Inc., and Defendant, United States of America, by and through their respective counsel, hereby submit this Joint Preliminary Status Report pursuant to the Rules of the United States Court of Federal Claims, Appendix A.

**A. JURISDICTION**

The parties agree the United States Court of Federal Claims has jurisdiction over this action pursuant to the Tucker Act, 28 USCA 1491.

**B. CONSOLIDATION**

The parties do not believe this case should be consolidated with any other case.

**C. BIFURCATION**

Neither party believes that bifurcation is appropriate at this time.

**D. DEFERRAL OF PROCEEDINGS**

The parties do not believe that this case should be deferred and the parties are not aware of any case pending before this Court which would necessitate the deferral of this action.

**E. REMAND OR SUSPENSION**

The parties are not seeking a remand or suspension.

**F. ADDITIONAL PARTIES**

The parties do not anticipate joining additional parties.

**G. MOTIONS**

Plaintiff may file a Motion for Summary Judgment after November 14, 2006.

Defendant anticipates filing a dispositive motion after the close of discovery.

**H. RELEVANT FACTUAL AND LEGAL ISSUES**

**Plaintiff's Statement**

Plaintiff believes the issues in this litigation are as follows:

1. Was development of the property in question not allowed as it was located within a defined critical habitat of the Mississippi Sandhill Crane, a declared and published endangered species?

2. Was conveyance of an off-site 77 acre property unto the Mississippi Sandhill Crane National Wildlife Refuge required to serve as "setup" or "mitigation" for loss of the habitat on the property in question, which would otherwise be lost and result in the invocation of an enforcement of certain sections of the Endangered Species Act?

3. Did the conveyance of the 77 acre property require the Plaintiff to be divested of Three Hundred Twelve Thousand, Five Hundred Dollars ($312,500.00)?

4. Was the Three Hundred Twelve Thousand, Five Hundred Dollars ($312,500.00) expenditure required in order to complete the sale to the United States Navy pursuant to the requirements of the Defendant?

5. Did the U.S. Fish and Wildlife Service's determination under the Endangered Species Act insofar as it establishes requirements for the development of critical habitats which preclude the development of the Property for any productive or beneficial use and which has denied the Plaintiff all economically viable use of the Property and interfered with the distinct investment backed expectations of the Plaintiff affect a taking?

6. If, on or about August 3, 2001, the United States Navy was advised by the USFWS to avoid the purchase of the Property in question?

**Defendant's Statement**

Defendant believes the issues in this litigation are as follows:

1. Whether plaintiff possessed, at the time of the alleged taking, a Fifth Amendment compensable right to sell its property to the United States without any conditions being imposed on the sale?

2. Whether Plaintiff's Complaint fails to state a claim upon which relief can be granted?

3. Whether defendant's actions amount to a regulatory taking of an interest in Plaintiff's property without compensation, in violation of the Fifth Amendment of the United States Constitution?

4. If defendant's actions amount to an unconstitutional taking, what amount of compensation is Plaintiff due?

## I. SETTLEMENT

Plaintiff believes that settlement conferences and/or mediation would be beneficial to the resolution of this matter.

Defendant believes that in-depth discussions regarding settlement and/or alternative dispute resolution are premature at this time, and any discussions are unlikely to be successful until after the parties exchange initial disclosures. A narrowing and focusing of the issues as a result of dispositive motion(s) after the close of discovery may or may not result in the case becoming more appropriate for settlement discussions and/or alternative dispute resolution.

**J. TRIAL**

Plaintiff anticipates proceeding to trial. Defendant anticipates that this case will proceed to trial on those issues not resolved prior to trial in dispositive motions. The parties do not request expedited trial scheduling.

**K. ELECTRONIC CASE MANAGEMENT NEEDS**

There are no special issues regarding electronic case management needs.

**L. OTHER**

Other than matters relating to discovery, addressed immediately below, there are no matters the parties believe they need to bring to the Court's attention at this point in time.

**M. DISCOVERY PLAN**

The Court entered the following schedule on June 6, 2006:

| | |
|---|---|
| Close of Discovery, including property appraisal: | Wednesday, November 8, 2006 |
| Joint Status Report: | Thursday, November 9, 2006 |
| Status Conference: | Tuesday, November 14, 2006, 2:30 p.m |

In addition to these dates, the parties stipulate to the following deadlines:

| | |
|---|---|
| Exchange Initial Disclosures: | Monday, July 17, 2006 |

Disclosure of Expert Witness(es)

and Exchange of Expert Reports: Thursday, October 5, 2006

Exchange of Rebuttal Reports: Thursday, October 26, 2006

This joint preliminary status report was jointly prepared by counsel for Plaintiff and counsel for Defendant. To expedite the filing of this joint preliminary status report, Plaintiff's counsel has authorized the undersigned counsel of record for Defendant to electronically sign on his behalf.

Respectfully submitted: June 26, 2006.

s/ William Guice by Kelle S. Acock
______________________________
WILLIAM LEE GUICE III
RUSHING & GUICE, P.L.L.C.
P. O. BOX 1925
BILOXI, MS 39533-1925
228-875-5263 VOICE
228-875-5987 FAX
bguice@rushing-guice.com
Attorney of Record for Plaintiff

s/ Kelle S. Acock
______________________________
KELLE S. ACOCK
Natural Resources Section
Environment & Natural Resources Division
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Tel: 202-305-0428
Fax: 202-305-0267
Email: kelle.acock@usdoj.gov

Attorney of Record for Defendant