# TAB NO. 3

82.

IN THE CHANCERY COURT OF JACKSON COUNTY, MISSISSIPPI

SCHOONER HARBOR VENTURES, INC. PLAINTIFF

FILED

V. JAN 24 2001 CIVIL ACTION NO. 2001-0143 PW

TERRY MILLER, CLERK
BY

KELLY W. SINGLETON DEFENDANT

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, the Plaintiff, SCHOONER HARBOR VENTURES, who, pursuant to Rule 57 of the Mississippi Rules of Civil Procedure, files this Complaint for Declaratory Judgment against the Defendant, KELLY W. SINGLETON, and in support thereof would show unto this Honorable Court the following, to-wit

**PARTIES**

**1.**

The Plaintiff, SCHOONER HARBOR VENTURES, INC. is a Mississippi general partnership which is doing business in the State of Mississippi, with its principal place of business located at 910 Howard Avenue, Biloxi, MS 39530.

**2.**

The Defendant, KELLY W. SINGLETON, d/b/a Singleton Development Corporation, is an adult resident of Jackson County, Mississippi who may be served with process in accordance with law by personal service upon him at his usual business address of 102 Industrial Park Circle, Ocean Springs, Mississippi 39564.

## JURISDICTION AND VENUE

3.

This Honorable Court has personal jurisdiction over the parties and subject matter jurisdiction over this action as it concerns contracts for the sale of real estate which are or were to be performed in whole or in part in Jackson County, Mississippi.

4.

This Honorable Court has venue over this action pursuant to *Miss. Code Ann.* § 11-5-1.

## BACKGROUND

5.

On April 19, 1999, the Plaintiff and Defendant entered into a written Contract of Sale, whereby the Plaintiff agreed to purchase, and Defendant agreed to sell, a certain parcel or parcels of real estate located in Jackson County, Mississippi. This April 19, 1999 Contract of Sale is attached hereto as Exhibit "A".

6.

Defendant subsequently entered into an additional contract to reconvey his interest in all or part of the property described in Exhibit "A" to a third party, The Bryan Company.

7.

The Contract of Sale attached as Exhibit "A" contained certain contingencies, which included financing as well as a closing date.

**8.**

Defendant was unable to close on the property described in Exhibit "A", and so informed the Plaintiff. As a result, all parties agreed that this contract had lapsed, and became null and void due to Defendant's failure to perform.

**9.**

On April 15, 1999 Plaintiff and Defendant also entered into a written Contract of Sale, whereby the Plaintiff agreed to purchase, and Defendant agreed to sell, a certain parcel or parcels of real estate located in Jackson County, Mississippi. This Contract of Sale is attached hereto as Exhibit "B", and incorporated herein by reference.

**10.**

The April 15, 1999 contract of Sale attached as Exhibit "B" is subject to certain contingencies, as set forth in the contract. One of the specific contingencies is set forth in Article 13(b):

> "This contract is contingent upon Purchaser closing that certain Contract of Sale between Kelly W. Singleton as Seller and The Bryan Company, as Purchaser, applicable to Parcel 13 concurrent with the closing of this Contract."*
>
> *(Explanation: the reason is The Bryan Company must have 25 useable acres for their purposes to close. Singleton will convey, sell, necessary acres from parcel 12 (southern parcel) if necessary to make up the 25 acres needed.

**11.**

The contract referenced in paragraph 13(b) of Exhibit "B" was never consummated, as Defendant never acquired title to the real property in "Parcel 13" which was to be acquired from

Plaintiff pursuant to the now lapsed Exhibit "A", and was subsequently to be conveyed to the third party, The Bryan Company. At all times material to this complaint, title to the real property known as "Parcel 13" which was the subject of the contingency in Paragraph 13 (b) of Exhibit "B", remained in Plaintiff, SCHOONER HARBOR VENTURES, INC.

**12.**

All parties to the contract agreed and contemplated that a condition precedent to the closing of the Contract of Sale attached as Exhibit "B" was the closing of the Contract of Sale attached as Exhibit "A", and subsequent reconveyance of all or part of the property described in Exhibit "A" from Defendant to The Bryan Company.

**13.**

The above described condition precedent to the closing of the Contract of Sale attached as Exhibit "B" was never satisfied by Defendant.

**14.**

The above described condition precedent to the closing of the Contract of Sale attached as Exhibit "B" cannot be satisfied by the Plaintiff, since the April 16, 1999 contract attached as Exhibit "A" has now lapsed.

**15.**

The Plaintiff has notified the Defendant that the April 15, 1999 contract (Exhibit "B") is now null and void due to the inability of Defendant to satisfy the condition precedent.

**16.**

The Plaintiff is justifiably of the opinion that the April 15, 1999 contract (Exhibit "B") is now null and void due to the inability of Defendant to satisfy the condition precedent, while Defendant asserts that there is still a binding contract.

17.

The Defendant is attempting to now unilaterally modify the April 15, 1999 Contract of Sale without the approval or consent of the Plaintiff.

18.

There appears to be an actual dispute between the parties concerning the rights and obligations of the parties set forth in the April 15, 1999 Contract of Sale. However, the controversy has not ripened to a point at which an affirmative remedy is needed.

19.

The ruling of the Court as to the issue of whether or not the contingencies and conditions precedent set forth in the April 15, 1999 Contract of Sale have been satisfied will clarify and settle the rights and obligations of the parties and will further afford relief from the insecurity and controversy giving rise to this proceeding.

20.

The Plaintiff is desirous of having the April 15, 1999 Contract of Sale construed and the legal rights of the parties determined under the Contract.

21.

The Court should enforce the April 15, 1999 Contract of Sale as written, and declare the Contract void due to the impossibility of performance by Defendant; and allow the property to be placed on the open market.

22.

Each month that passes without Plaintiff being able to market the property described in the April 15, 1999 Contract to prospective buyers causes Plaintiff to lose significant sums of money.

23.

If the court determines that the April 15, 1999 Contract is still valid between and among the parties, the Court should set an immediate date certain for the closing, so that the Plaintiff will not continue to be damaged by the inability to market the property.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Complaint for Declaratory Judgment be received and filed, that notice issue unto Defendant and that upon a hearing hereon, the Court will enter a declaratory judgment determining the legal rights and obligations of the parties under the Contract of Sale entered into between the parties on April 15, 1999.

Plaintiff further prays that the Court will issue a finding that all contingencies and conditions precedent set forth in the Contract of Sale entered into between the parties on April 15, 1999 have not been satisfied, and are impossible to satisfy, and that the Contract is void.

Plaintiff further prays that Plaintiff be awarded a judgment of and from the Defendant in an amount equal to all funds expended by the Plaintiff in perfecting compliance with the terms of the Contract.

Plaintiff alternatively prays that the Court will enter a declaratory judgement setting a closing date within thirty (30) days following the issuance of its Declaratory Judgment so that Contract of Sale entered into between the parties on April 15, 1999, may be closed as quickly as possible.

Plaintiff further prays that the Court will order Defendant to satisfy Plaintiff's attorneys fees incurred herein.

Plaintiff prays for such other and general relief to which it may be entitled.

Respectfully submitted,

**SCHOONER HARBOR VENTURES, INC.**

By: W. Mark Edwards

**MICHAEL MCDERMOTT, MSB #2379**
**W. MARK EDWARDS, MSB #8935**
**PAGE, MANNINO, PERESICH**
**& MCDERMOTT, P.L.L.C.**
**759 VIEUX MARCHE' MALL**
**POST OFFICE DRAWER 289**
**BILOXI, MISSISSIPPI 39533**
**TELEPHONE: (228) 374-2100**
**FACSIMILE: (228) 432-5539**

N:\users\Melissa\SchoonerHarborVentures-complaintfordeclaratoryjudgment.wpd

# TAB NO. 4

UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **SCHOONER HARBOR VENTURES, INC.** | **PLAINTIFF** |
| **V.** | **NO. 06-87 L** |
| **THE UNITED STATES OF AMERICA** | **DEFENDANT** |
| | **Honorable Marian Blank Horn** |

**PLAINTIFF'S RESPONSE TO REQUESTS FOR ADMISSION**

COMES NOW the Plaintiff, Schooner Harbor Ventures, Inc., by and through its attorneys of record, Rushing & Guice, P.L.L.C., and files this its Response to Requests for Admission propounded by the Defendant, The United States of America, as follows, to-wit:

REQUEST FOR ADMISSION NO. 1: Plaintiff purchased approximately 82 acres of property located in Jackson County, Mississippi from Alicia Swiney Pearce, as conservator on behalf of Henry Meyers, on January 6, 2002.

RESPONSE: Admitted.

REQUEST FOR ADMISSION NO. 2: The sale price for the 82 acres of property referred to in Request for Admission No. 1 was $946,307.00.

RESPONSE: Admitted.

REQUEST FOR ADMISSION NO. 3: On August 8, 200, Plaintiff sold approximately 3.03 acres of its original purchase referenced in Request for Admission No. 1 to Landall, LLC for $150,000.00.

RESPONSE: Admitted.

REQUEST FOR ADMISSION NO. 4: On July 17, 2000, Plaintiff sold approximately 3.12 acres of its original purchase reference in Request for Admission No. 1 to BPI Enterprises, Inc. for $180,000.00.

RESPONSE: Admitted.

USHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

REQUEST FOR ADMISSION NO. 5: On August 8, 2000, Plaintiff sold approximately 2 acres of its original purchase referenced in request for Admission No.1 to Allen L. Brislin for $100,000.00.

RESPONSE: Admitted.

REQUEST FOR ADMISSION NO. 6: Plaintiff did not consult the United States Fish & Wildlife Service before it purchased approximately 82 acres of property located in Jackson County, Mississippi from Alicia Swiney Pearce, as conservator on behalf of Henry Meyers, on January 6, 2000.

RESPONSE: Admitted as drafted.

REQUEST FOR ADMISSION NO. 7: On June 27, 2001, Steven Carter and/or Lawrence Rumsey voluntarily approached the manager of the Mississippi Sandhill Crane National Wildlife Refuge to propose the purchase of offsite property which could be used to mitigate any potential adverse impacts to the Mississippi Sandhill Crane and/or its habitat as part of Plaintiff's sale of its property to the Navy.

RESPONSE: Admitted.

REQUEST FOR ADMISSION NO. 8: Plaintiff sold approximately 74.64 acres located in Jackson County, Mississippi to the United States Department of the Navy for $1,900,000.00 in April 2002.

RESPONSE: Admitted.

RESPECTFULLY SUBMITTED, this the 4th day of December, 2006

SCHOONER HARBOR VENTURES, INC.

BY: ______________________

**WILLIAM LEE GUICE III**
**Mississippi Bar No. 5059**

USHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

**RUSHING & GUICE, P.L.L.C.**
**P.O. Box 1925**
**Biloxi, MS 39533-1925**
**Phone: 228-875-5263**
**Fax: 228-875-5987**
**E-mail: bguice@rushing-guice.com**

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the foregoing via electronic mail and via United States mail, on:

Kelle S. Acock, Esq.
United States Dept. of Justice
P. O. Box 663
Washington, DC 20044-0663

kelle.acock@usdoj.gov

So certified, this the 4th day of December, 2006.

**WILLIAM LEE GUICE III**

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313