# TAB NO. 19

# AGREEMENT FOR PURCHASE OF REAL PROPERTY

*AGREEMENT by and between Schooner Harbor Ventures, Inc., hereinafter called the "Vendor", and the United States of America, hereinafter called the "Government".*

*THE VENDOR AGREES TO SELL, AND THE GOVERNMENT AGREES TO PURCHASE, for the consideration of One Million, Nine Hundred Thousand Dollars ($1,900,000.00) the land described below, together with the buildings and improvements located thereon and all rights, easements, and appurtenances thereunto belonging, subject to the terms, conditions, and general provisions set forth on this page and on the following page and to the additional provisions, if any, incorporated herein by attachment or reference as set forth below. The Vendor additionally agrees, as part of the aforementioned $1,900,000 consideration, to convey to the U.S Department of the Interior Fish and Wildlife Service (Service) a separate parcel of land to offset the impacts caused by the Navy's construction of its housing development in designated critical habitat for the Mississippi sandhill crane. Conveyance of this separate parcel of land to the Service shall occur at the same time as conveyance of the property described below. Vendor conveyance of the separate parcel to the Service shall be in accordance with the terms of the 12 February 2002 Biological Opinion.*

1. *LOCATION AND DESCRIPTION OF PROPERTY:*

*Approximately 74.64 acres of land located in Jackson County, Mississippi, described on Exhibits "A" and "B" attached hereto and made a part hereof.*

2. *RIGHTS OUTSTANDING IN THIRD PARTIES OTHER THAN SPECIFIED IN PARAGRAPH (A) OF THE GENERAL PROVISIONS:* ____ *NONE* *Described in Attachment No.* 1

3. *RIGHTS RESERVED BY VENDOR:* ____ *NONE* *Described in Attachment No.* 2

4. *The Vendor agrees to give the Government possession of said property upon payment of the purchase price. If the property is improved by an occupied dwelling, or a business or farm operation, and the vendor has not had 90 days full written notice to vacate on the date of payment of the purchase price, the Vendor, may at his option, remain in possession until the full 90 days have expired. If possession is to be delivered upon other than the date of payment of the purchase price, or not as provided in the preceding sentence, provision therefor shall be made in the form of an attachment to this Agreement.*

5. *The executed copy of the Agreement, or notice of execution thereof, shall be sent to the Vendor at the following address:*
*Schooner Harbor Ventures, Inc.*
*Steven Carter and Lawrence Rumsey*
*910 Howard Avenue*
*Biloxi, MS 39530*

6. *EXECUTION BY VENDOR:*

[signature] *(Signature)* — 4/15/2002 *Date* — [signature: Lawrence C Rumsey] *Witness*

IF VENDOR IS A CORPORATION, CERTIFICATION BY SECRETARY OR ASSISTANT SECRETARY:

I certify that the person who signed this agreement on behalf of the vendor was then the Officer indicated and this agreement was duly signed for and in behalf of said Corporation by authority of its governing body and is within the scope of its corporate powers.

*Name and Title* Steven B. Carter Pres. *Signature* [signature] *Date:* 4-15-2002

*EXECUTION FOR AND ON BEHALF OF THE GOVERNMENT:*

THE UNITED STATES OF AMERICA

C R. Nelson [signature] *(Real Estate Contracting Officer)* — 4-17-02 *(Date)* — [signature] *(Witness)*

8. *NAVY IDENTIFICATION AND ACCOUNTING DATA:*

A. *Name and Address of Naval Activity:*
*Commanding Officer*
*Naval Station*
*Pascagoula, MS*

B. *Local Government Representative:*
*Commanding Officer, Southern Division*
*Naval Facilities Engineering Command*
*North Charleston, South Carolina*

C. *Payment to be Made By:*
*DFAS Charleston, SC*

D. *Parcel No.*
*Schooner Harbor Ventures, Inc. (Site 28)*

E. *Contract No.*
*N62467-02-RP-00065*

F. *Accounting Data:*

US00001

*9. GENERAL PROVISIONS*

A. PAYMENTS AND CONVEYANCE. The purchase price for said property shall be paid when the Government has had a reasonable time to secure and examine the title evidence for said property and to obtain the necessary approval of title; provided that the Vendor executes and delivers to the Government a good and sufficient general warranty deed conveying said property to the Government in fee simple with the rights, easements, and appurtenances thereunto belonging, free from all liens and encumbrances, and quitclaims to the Government and its assigns all right, title, or interest which the Vendor may have in the banks, beds, and waters of any streams opposite or fronting upon said land, and in any means of ingress and egress appurtenant thereto; said conveyance to be subject only to outstanding public utility easements of record and outstanding easements for public roads, and way, and such other outstanding rights and reservations as may be set forth under 2 and 3 above. Conveyance by states, municipal corporations, fiduciaries, and persons acting solely in a representative capacity need not contain general warranty covenants if otherwise acceptable and satisfactory to the Government.

B. PREPARATION OF DEED. The Government agrees to defray the expenses incident to the preparation of the deed to the Government and the abstract or certificate of title; provided, however that the Vendor will deliver to the representatives of the Government any abstracts, certificates of title or muniments of title available to the Vendor or in his possession.

C. LIENS. The Vendor agrees that all taxes, assessments, and encumbrances which are a lien against the property at the time of conveyance to the Government shall be satisfied by the Vendor prior to or at the time of transfer of title and, if the Vendor fails to do so, the Government may pay any taxes, assessments, and encumbrances which are a lien against the property and deduct such payments from the purchase price. However, the Government agrees to pay all recording fees, transfer taxes, and similar expenses incidental to conveying the property to the Government, if payable in a conveyance to the Government. The Government also agrees to pay or reimburse the Vendor the pro rata portion of taxes and assessments which are allocable to a period subsequent to the date of vesting title in the Government, or the effective date of possession, whichever is earlier. However, the Government shall not pay nor make reimbursement if such taxes and assessments are canceled by state law upon acquisition by the Government.

D. LOSS OR DAMAGE. The Vendor agrees that loss or damage to the property shall be at the risk of the Vendor until the deed conveying title to the Government has been accepted by the Government through its duly authorized representative, or until the Government has taken possession of the property as hereinbefore provided, and in the event that such loss or damage occurs, the Government may, without liability, refuse to accept conveyance of title, or it may elect to accept conveyance of title to such property, in which case there shall be an equitable adjustment of the purchase price.

E. CONDEMNATION. The Vendor agrees that the Government may, at its election, acquire title to said property or any portion thereof or any interest therein, by condemnation or other judicial proceedings, in which event the Vendor agrees to cooperate with the Government in the prosecution of such proceedings, and also agrees that the consideration hereinbefore stated shall be the full amount of the award of just compensation inclusive of interest for the taking of said property and that any and all awards of just compensation that may be made in the proceeding to any defendant for any other interests in the property, shall be payable and deductible from the said amount, and that said consideration shall also be in full satisfaction of any and all claims of the Vendor for payment for the possession provided for hereinbefore.

F. DESCRIPTION. The above description of the property is subject to such modifications as may be necessary to conform to the survey (if any) made by the agents of the Government.

G. OFFICIALS NOT TO BENEFIT. No member of or delegate to Congress, or resident commissioner, shall be admitted to any share or part of this agreement or to any benefit that may arise therefrom; but this provision shall not be construed to extend to this contract if made with a corporation for its general benefit.

H. GRATUITIES.

(1) The Government may, by written notice to the Vendor, terminate the right of the Vendor to proceed under this Agreement if it is found, after notice and hearing, by the Secretary of the Navy or his duly authorized representative, that gratuities (in the form of entertainment, gifts, or otherwise) were offered or given by the Vendor, to any officer or employee of the Government with a view toward securing an agreement or securing favorable treatment with respect to the awarding or amending, or the making of any determinations with respect to the performing of such agreement; provided, that the existence of the facts upon which the Secretary of the Navy or his duly authorized representative makes such findings shall be in issue and may be reviewed in any competent court.

(2) In the event this Agreement is terminated as provided in paragraph (1) hereof, the Government shall be entitled (a) to pursue the same remedies against the Vendor as it could pursue in the vent of a breach of contract by the Vendor, and (b) as a penalty, in addition to any other damages to which it may be entitled by law, to exemplary damages in an amount (as determined by the Secretary of the Navy or his duly authorized representative) which shall not be less than three nor more than ten times the costs incurred by the Vendor in providing any such gratuities to any such officer or employee.

(3) The rights and remedies of the Government provided for in this clause shall not be exclusive and are in addition to any other rights and remedies provided by law or under this Agreement.

I. COVENANT AGAINST CONTINGENT FEES. The Vendor warrants that no person or selling agency has been employed or retained to solicit or secure this Agreement upon an agreement or understanding for a commission, percentage, brokerage, or contingent fee, excepting bona fide employees or bona fide established commercial or selling agencies maintained by the Vendor for the purpose of securing business. For breach or violation of this warranty, the Government shall have the right to annul this Agreement without liability, or in its discretion to deduct from the contract price or consideration the full amount of such commission, percentage, brokerage, or contingent fee.

J. NUMBER. Wherever the context thereof requires, the singular number as used herein shall be read as plural.

K. REPRESENTATIONS. All terms and conditions with respect to this Agreement of purchase are expressly contained herein and the Vendor agrees that no representative or agent of the Government has made any representation or promise with respect thereto not expressly contained herein.

L. ENVIRONMENTAL ASSESSMENT. The Vendor hereby acknowledges that to the best of its knowledge and belief, there are no hazardous wastes or substances as defined by the Resource conservation and Recovery Act of 1976, Public Law 94-580 (RCRA), the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, Public Law 96-510 (CERCLA), the Toxic Substances Control Act, Public Law 94-496 (TOSCA), all as amended, or any similar or complementary state statutes, found under, on, or within the subject property. If the site contains or contained any such substances or wastes of which the Vendor has knowledge, the Vendor shall provide a notice of the type and quantity of such hazardous substances or waste, a notice of the time at which the storage, release, or disposal of the substance or waste took place, a description of the remedial action which took place, if any, and a covenant warranting that all remedial action necessary to protect human health and the environment with respect to any such substance or waste on the property has been taken before the date of transfer.

M. ACCESS. Vendor expressly grants the Government the right to enter onto the subject property at any time prior to closing for the purpose of testing the area for the presence of such substances or wastes. If such substances or wastes are found to exist in a quantity in excess of the acceptable levels prescribed in the cited Acts or any implementing statutes or regulation, whether state or Federal, this Agreement may be voided by the Government.

N. ADDITIONAL PROVISIONS. None.

WATERWELL AND SEWER AGREEMENT FROM SCHOONER HARBOR VENTURES, INC. TO ALLEN L. BRISLIN, DATED AUGUST 8, 2000, FILED ON AUGUST 17, 2000 AT 9:12 A.M., AND RECORDED IN BOOK 1214, PAGE 567.

WATERWELL AND SEWER AGREEMENT FROM SCHOONER HARBOR VENTURES, INC. TO BPI ENTERPRISES, INC., A MISSISSIPI CORORATION, DATED JULY 17, 2000, FILED ON OCTOBER 16, 2000 AT 8:42 A.M., AND RECORDED IN BOOK 1219, PAGE 474.

ATTACHMENTNO. 1
N62467-02-RP-00065

EASEMENTS FOR UTILITY PURPOSES AS SHOWN ON THE SURVEY ATTACHED HERETO AS EXHIBIT B AND NOTED ON THE SURVEY AT EACH LOCATION WITH "PROPOSED 15' UTILITY EASEMENT TO SCHOONER HARBOR VENTURES, INC."

ATTACHMENT NO. 2
N62467-02-RP-00065

US00005

NAVAL STATION PASCAGOULA
PROPOSED FAMILY HOUSING SITE
SCHOONER HARBOR VENTURES, INC.

LEGAL DESCRIPTION

A PARCEL OF LAND SITUATED IN THE SOUTHEAST ¼ OF THE NORTHEAST ¼ OF SECTION 7, THE NORTHEAST ¼ OF THE SOUTHEAST ¼ OF SECTION 7, THE SOUTHWEST ¼ OF THE NORTHWEST ¼ OF SECTION 8, AND IN THE NORTHWEST ¼ OF THE SOUTHWEST ¼ OF SECTION 8, ALL IN TOWNSHIP 7 SOUTH, RANGE 7 WEST, JACKSON COUNTY, MISSISSIPPI, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A CONCRETE MONUMENT FOUND AT THE NORTHEAST CORNER OF THE SOUTHEAST ¼ OF THE NORTHEAST ¼ OF SAID SECTION 7, (MISSISSIPPI STATE PLANE COORDINATES – NORTH 346921.24, EAST 1021361.34); THENCE SOUTH 89DEGREES 48 MINUTES 06 SECONDS WEST 278.25 FEET TO A ½" IRON ROD (NORTH 346918.54, EAST 1021083.11); THENCE SOUTH 00 DEGREES 10 MINUTES 57 SECONDS EAST 654.26 FEET TO A CONCRETE MONUMENT (NORTH 346264.31, EAST 1021089.28); THENCE SOUTH 89 DEGREES 48 MINUTES 06 SECONDS WEST 644.67 FEET TO A CONCRETE MONUMENT LYING ON THE EAST MARGIN OF MISSISSIPPI HIGHWAY 57 (NORTH 346258.05, EAST 1020444.64); THENCE ALONG SAID EAST MARGIN OF MISSISSIPPI HIGHWAY 57, SOUTH 03 DEGREES 25 MINUTES 22 SECONDS EAST 166.21' TO A ½" IRON ROD (NORTH 346092.20, EAST 1020455.60); THENCE FURTHER ALONG SAID EAST MARGIN OF MISSISSIPPI HIGHWAY 57, SOUTH 04 DEGREES 20 MINUTES 47 SECONDS EAST 583.79 FEET TO A CONCRETE MONUMENT (NORTH 345510.38, EAST 1020503.48); THENCE NORTH 85 DEGREES 39 MINUTES 13 SECONDS EAST 300.00 FEET TO A CONCRETE MONUMENT (NORTH 345534.98, EAST 1020802.47); THENCE SOUTH 04 DEGREES 20 MINUTES 47 SECONDS EAST 730.95 FEET TO A CONCRETE MONUMENT (NORTH 344806.50, EAST 1020862.41); THENCE SOUTH 85 DEGREES 39 MINUTES 13 SECONDS WEST 300.00 FEET TO A ½" IRON ROD LYING ON THE EAST MARGIN OF MISSISSIPPI HIGHWAY 57 (NORTH 344781.89, EAST 1020563.42); THENCE ALONG SAID EAST MARGIN OF MISSISSIPPI HIGHWAY 57, SOUTH 04 DEGREES 20 MINUTES 47 SECONDS EAST 50.00 FEET TO A ½" IRON ROD (NORTH 344732.06, EAST 1020567.52); THENCE NORTH 85 DEGREES 39 MINUTES 13 SECONDS EAST 330.00 FEET TO A CONCRETE MONUMENT (NORTH 344759.12, EAST 1020896.41); THENCE SOUTH 04 DEGREES 11 MINUTES 12 SECONDS EAST 80.00 FEET TO A ½" IRON ROD (NORTH 344679.38, EAST 1020902.75); THENCE SOUTH 85 DEGREES 39 MINUTES 13 SECONDS WEST 30.00 FEET TO A ½" IRON ROD (NORTH 344676.92, EAST 1020872.85); THENCE SOUTH 04 DEGREES 11 MINUTES 12 SECONDS EAST 387.94 FEET TO A CONCRETE MONUMENT LYING ON THE NORTH MARGIN OF ROBINSON STILL ROAD (NORTH 344290.20, EAST 1020903.59); THENCE ALONG SAID NORTH MARGIN OF ROBINSON STILL ROAD, SOUTH 88 DEGREES 59 MINUTES 49 SECONDS EAST 142.88 FEET TO A ½" IRON ROD(NORTH 344288.59, EAST 1021046.46); THENCE FURTHER ALONG SAID NORTH MARGIN, NORTH 89 DEGREES 02 MINUTES 28 SECONDS EAST 231.39 FEET TO A ½" IRON ROD (NORTH 344293.90, EAST 1021277.79); THENCE FURTHER ALONG SAID NORTH MARGIN, NORTH 85 DEGREES 49 MINUTES 39 SECONDS EAST 100.08 FEET TO A ½" IRON ROD (NORTH 344301.81, EAST 1021377.56); THENCE FURTHER ALONG SAID NORTH MARGIN, SOUTH 10.02 FEET TO A ½" IRON ROD (NORTH 344291.79, EAST 1021377.62); THENCE FURTHER ALONG SAID NORTH MARGIN, NORTH 85 DEGREES 49 MINUTES 39 SECONDS EAST 92.25 FEET TO A ½" IRON ROD (NORTH 344299.08, EAST 1021469.58); THENCE FURTHER ALONG SAID NORTH MARGIN, SOUTH 89 DEGREES 50 MINUTES 39 SECONDS EAST 576.77 FEET TO A CONCRETE MONUMENT (NORTH 344301.11, EAST 1022046.35); THENCE NORTH 2627.80 FEET TO A ½" IRON ROD (NORTH 346928.86, EAST 1022029.94); THENCE SOUTH 89 DEGREES 42 MINUTES 18 SECONDS WEST 668.63 FEET TO THE POINT OF BEGINNING, CONTAINING 74.64 ACRES OR 3,251,430 SQUARE FEET.

N62467-02-RP-00065
Exhibit A

US00006




N62467-02-RP-00065
Exhibit B

US00007

# TAB NO. 20

02-12816

BOOK 1260 PAGE 244

STATE OF MISSISSIPPI, COUNTY OF JACKSON
I certify that this instrument was filed for record in my office at 11:25 o'clock A.m., on the 8 day of May, 2002, and duly recorded on the 8 day of May, 2002, DE Book 1260, Page 244-51
Witness my hand and seal this 8 day of May, 2002.
Terry Miller, Chancery Clerk
By: ______________________, D.C.

This instrument prepared by and after recordation return to:
Elite Title Insurance Agency, Inc.
2400 14th Street, Suite 101
Gulfport, MS 39501
(228) 214-4461

STATE OF MISSISSIPPI
COUNTY OF JACKSON

# WARRANTY DEED

WITNESSETH:

FOR AND IN CONSIDERATION of ONE MILLION, NINE HUNDRED THOUSAND DOLLARS ($1,900,000.00) to it in hand paid, the receipt and sufficiency of which are hereby acknowledged; Schooner Harbor Ventures, Inc., a Mississippi corporation (hereinafter called Grantor) conveys, sells and warrants and do by these presents convey, sell, and warrant unto the United States of America and its successors and assigns, acting by and through the Department of the Navy, Southern Division, Naval Facilities Engineering Command (hereinafter called Government) all that real property located in Jackson County, Mississippi, described in Exhibit "A" attached hereto and made a part of, together with the buildings and improvements located thereon and all rights, easements, appurtenances thereunto belonging (hereinafter called Premises).

INDEXING INSTRUCTIONS: A parcel of land situated in the Southeast ¼ of the Northeast ¼ of Section 7, the Northeast ¼ of the Southeast ¼ of Section 7, the Southwest ¼ of the Northwest ¼ of Section 8, and in the Northwest ¼ of the Southwest ¼ of Section 8, all in Township 7 South, Range 7 West, Jackson County, Mississippi, and being more particularly described on Exhibit "A" attached hereto.

As additional consideration, Grantor shall concurrently with this transfer convey to the U.S. Department of the Interior Fish and Wildlife Service a separate parcel of land to offset the impacts caused by the Government's construction of its housing development in designated critical habitat for the Mississippi sandhill crane in accordance with the terms of the 12 February 2002 Biological Opinion.

To have and to hold the above described Premises, together with all and singular hereditaments and appurtenances thereunder belonging or in any way appertaining, to said Government and its successors and assigns forever.

The above described property is subject to any restrictive covenants, mineral reservations and easements of record, including but not limited to the following easements:

Waterwell and Sewer Agreement from Schooner Harbor Ventures, Inc. to Allen J. Brislin, dated August 8, 2000, filed on August 17th, 2000 at 9:12 A.M., and recorded in Book 1214, Page 567.

Waterwell and Sewer Agreement from Schooner Harbor Ventures, Inc. to BPI Enterprises, Inc., a Mississippi Corporation, dated July 17th, 2000, filed on October 16, 2000 at 8:42 a.m. and recorded in Book 1219, Page 474.

US00009

BOOK 1269 PAGE 245

Grantor reserves unto itself, its successors and assigns an Easement for the construction, installation, operation, maintenance, repair and replacement of a potable water line distribution system on, in, over and under that portion of the Premises as shown in EXHIBIT "B" attached hereto and made a part of.

Grantor covenants that any work performed on the retained Easement shall cease and the government shall be notified if any buried debris or potentially hazardous material is encountered during the performance of any work on the Easement.

Grantor shall maintain the Easement in good condition at all times and shall promptly make all repairs thereto that may be necessary for the preservation of the condition of the Premises and the continued operation and maintenance of the Easement.

Grantor, shall indemnify and hold harmless Government from any costs, expenses, liabilities, fines or penalties resulting from discharges, emissions, spills, arising from Grantor's occupancy, use or operations or any other action by Grantor giving rise to Government liability, civil or criminal, or responsibility under Federal, State or local environmental laws. This provision shall survive the expiration or termination of the Easement, and Grantor's obligations hereunder shall apply whenever Government incurs costs or liabilities for Grantor's actions.

Grantor shall indemnify and hold harmless Government from and against all debts, claims, judgements, costs and expenses asserted by any person who is injured, or whose property is damaged as a result of or arising out of the use of the Easement by Grantor or otherwise, (excepting matters caused by the negligence or intentional act of the Government or its agents, employees, or contractors).

Witness my signature this 3rd day of May, 2002

Schooner Harbor Ventures, Inc.

[signature]
Name

President
Title

I certify that the person who signed this agreement on behalf of the Grantor was then the Officer indicated and this agreement was duly signed for and in behalf of said Corporation by authority of its governing body and is within the scope of its corporate powers.

Name Lawrence C. Ramsey
And Title secretary/treasurer Signature [signature] Date: May 3, 2002

US00010

Jul.30. 2002 12:28PM ELITE TITLE N.O. Canal St. FAX NO. 2282144455 No.5453 P. 10/15

BOOK 1269 PAGE 246

STATE OF MISSISSIPPI
COUNTY OF JACKSON

PERSONALLY appeared before me, the undersigned authority in and for the said County and State, on this 3rd day of MAY, 2002, within my jurisdiction; the within named Steven B Carter, who acknowledged that (he) (she) is President, of Schooner Harbor Ventures INC, a Mississippi corporation, and that for and on behalf of the said corporation, and as its act and deed (he) (she) executed, the above and foregoing Warranty Deed, after first having been duly authorized by said corporation so to do.

Witness our hands this 3rd day of MAY, 2002

[signature]
NOTARY PUBLIC

MY COMMISSION EXPIRES:

My Commission Expires July 26, 2002

This deed was prepared by:
Bruce Joseph, Esq.
Office of Counsel
Southern Division
Naval Facilities Engineering Command
P.O. Box 190010
Charleston, South Carolina 29419-9010
843.820.5774

US00011

STATE OF MISSISSIPPI
COUNTY OF JACKSON

PERSONALLY appeared before me, the undersigned authority in and for the said County and State, on this 3rd day of May, 2002, within my jurisdiction; the within named Lawrence C Rums, who acknowledged that (he) (she) is Sec/Treas of Schooner Harbor Venture, Inc., a Mississippi corporation, and that for and on behalf of the said corporation, and as its act and deed (he) (she) executed, the above and foregoing Warranty Deed, after first having been duly authorized by said corporation so to do.

Witness our hands this 3rd day of May, 2002

Doris Louise Sherman
NOTARY PUBLIC

MY COMMISSION EXPIRES:

My Commission Expires July 26, 2005

This deed was prepared by:
Bruce Joseph, Esq.
Office of Counsel
Southern Division
Naval Facilities Engineering Command
P.O. Box 190010
Charleston, South Carolina 29419-9010
843.820.5774

US00012

BOOK 1269 PAGE 248

NAVAL STATION PASCAGOULA
PROPOSED FAMILY HOUSING SITE
SCHOONER HARBOR VENTURES, INC.

LEGAL DESCRIPTION

A PARCEL OF LAND SITUATED IN THE SOUTHEAST ¼ OF THE NORTHEAST ¼ OF SECTION 7, THE NORTHEAST ¼ OF THE SOUTHEAST ¼ OF SECTION 7, THE SOUTHWEST ¼ OF THE NORTHWEST ¼ OF SECTION 8, AND IN THE NORTHWEST ¼ OF THE SOUTHWEST ¼ OF SECTION 8, ALL IN TOWNSHIP 7 SOUTH, RANGE 7 WEST, JACKSON COUNTY, MISSISSIPPI, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A CONCRETE MONUMENT FOUND AT THE NORTHEAST CORNER OF THE SOUTHEAST ¼ OF THE NORTHEAST ¼ OF SAID SECTION 7, (MISSISSIPPI STATE PLANE COORDINATES – NORTH 346921.24, EAST 1021361.34); THENCE SOUTH 89DEGREES 48 MINUTES 06 SECONDS WEST 278.25 FEET TO A ½" IRON ROD (NORTH 346918.54, EAST 1021083.11); THENCE SOUTH 00 DEGREES 10 MINUTES 57 SECONDS EAST 654.26 FEET TO A CONCRETE MONUMENT (NORTH 346264.31, EAST 1021089.28); THENCE SOUTH 89 DEGREES 48 MINUTES 06 SECONDS WEST 644.67 FEET TO A CONCRETE MONUMENT LYING ON THE EAST MARGIN OF MISSISSIPPI HIGHWAY 57 (NORTH 346258.05, EAST 1020444.64); THENCE ALONG SAID EAST MARGIN OF MISSISSIPPI HIGHWAY 57, SOUTH 03 DEGREES 25 MINUTES 22 SECONDS EAST 166.21' TO A ½" IRON ROD (NORTH 346092.20, EAST 1020455.60); THENCE FURTHER ALONG SAID EAST MARGIN OF MISSISSIPPI HIGHWAY 57, SOUTH 04 DEGREES 20 MINUTES 47 SECONDS EAST 583.79 FEET TO A CONCRETE MONUMENT (NORTH 345510.38, EAST 1020503.48); THENCE NORTH 85 DEGREES 39 MINUTES 13 SECONDS EAST 300.00 FEET TO A CONCRETE MONUMENT (NORTH 345534.98, EAST 1020802.47); THENCE SOUTH 04 DEGREES 20 MINUTES 47 SECONDS EAST 730.95 FEET TO A CONCRETE MONUMENT (NORTH 344806.50, EAST 1020862.41); THENCE SOUTH 85 DEGREES 39 MINUTES 13 SECONDS WEST 300.00 FEET TO A ½" IRON ROD LYING ON THE EAST MARGIN OF MISSISSIPPI HIGHWAY 57 (NORTH 344781.89, EAST 1020563.42); THENCE ALONG SAID EAST MARGIN OF MISSISSIPPI HIGHWAY 57, SOUTH 04 DEGREES 20 MINUTES 47 SECONDS EAST 50.00 FEET TO A ½" IRON ROD (NORTH 344732.06, EAST 1020567.52); THENCE NORTH 85 DEGREES 39 MINUTES 13 SECONDS EAST 330.00 FEET TO A CONCRETE MONUMENT (NORTH 344759.12, EAST 1020896.41); THENCE SOUTH 04 DEGREES 11 MINUTES 12 SECONDS EAST 80.00 FEET TO A ½" IRON ROD (NORTH 344679.38, EAST 1020902.75); THENCE SOUTH 85 DEGREES 39 MINUTES 13 SECONDS WEST 30.00 FEET TO A ½" IRON ROD (NORTH 344676.92, EAST 1020872.85); THENCE SOUTH 04 DEGREES 11 MINUTES 12 SECONDS EAST 387.94 FEET TO A CONCRETE MONUMENT LYING ON THE NORTH MARGIN OF ROBINSON STILL ROAD (NORTH 344290.20, EAST 1020903.59); THENCE ALONG SAID NORTH MARGIN OF ROBINSON STILL ROAD, SOUTH 88 DEGREES 59 MINUTES 49 SECONDS EAST 142.88 FEET TO A ½" IRON ROD(NORTH 344288.59, EAST 1021046.46); THENCE FURTHER ALONG SAID NORTH MARGIN, NORTH 89 DEGREES 02 MINUTES 28 SECONDS EAST 231.39 FEET TO A ½" IRON ROD (NORTH 344293.90, EAST 1021277.79); THENCE FURTHER ALONG SAID NORTH MARGIN, NORTH 85 DEGREES 49 MINUTES 39 SECONDS EAST 100.08 FEET TO A ½" IRON ROD (NORTH 344301.81, EAST 1021377.56); THENCE FURTHER ALONG SAID NORTH MARGIN, SOUTH 10.02 FEET TO A ½" IRON ROD (NORTH 344291.79, EAST 1021377.62); THENCE FURTHER ALONG SAID NORTH MARGIN, NORTH 85 DEGREES 49 MINUTES 39 SECONDS EAST 92.25 FEET TO A ½" IRON ROD (NORTH 344299.08, EAST 1021469.58); THENCE FURTHER ALONG SAID NORTH MARGIN, SOUTH 89 DEGREES 50 MINUTES 39 SECONDS EAST 576.77 FEET TO A CONCRETE MONUMENT (NORTH 344301.11, EAST 1022046.35); THENCE NORTH 2627.80 FEET TO A ½" IRON ROD (NORTH 346928.86, EAST 1022029.94); THENCE SOUTH 89 DEGREES 42 MINUTES 18 SECONDS WEST 668.63 FEET TO THE POINT OF BEGINNING, CONTAINING 74.64 ACRES OR 3,251,430 SQUARE FEET.

N62467-02-RP-00065
Exhibit A

US00013

JUL. 30. 2002 12:29PM ELITE TITLE N.O. Canal St. FAX NO. 2282144455 No.5453 P. 13/15

BOOK 1269 PAGE 249




N62467-02-RP-00065
Exhibit B

US00014

BOOK 1269 PAGE 250

**Schooner Harbor Ventures, Inc.**
A Land Company
910 Howard Avenue, Biloxi, MS 39530
Tel: (228) 432-9344 ♦ Fax (228) 432-1189

**Schooner Harbor Ventures, Inc.**

**Resolution of Directors**

**Resolution No. 04252002**

The Directors of Schooner Harbor Ventures, Inc. ("SHVI") in accordance with the Articles of Incorporation and By-Laws of Schooner Harbor Ventures, Inc. and pursuant to an affirmative vote by Lawrence Rumsey and Steven B. Carter, representing 100% ownership interest in SHVI, and does hereby agree to the following:

1. **Authorizing the President to Execute Sale of Highway 57 Property**

The Directors do hereby consent and authorize the President of Schooner Harbor Ventures, Inc. to sell the property located on Mississippi Highway 57 (Attachment "A") to The United States Government. The President is hereby given the authority to sign and execute all documents needed in order to complete this transaction.

Effective as of the 25th day of April, 2002

JUL.30. 2002 12:29PM ELITE TITLE N.O. Canal St. FAX NO. 2282144455 No.5453 P. 15/15
05/01/2002 12:31 2288757079 STEVEN CARTER BBQ PAGE 02
05/01/02 11:44 FAX 2284321118 RUMSEY CONS ENG 002

BOOK 1269 PAGE 251

CONSENT

OF

DIRECTORS OF

Schooner Harbor Ventures, Inc.

Resolution No. 04252001

SIGNATURE PAGE

Steven B. Carter, President

Lawrence Rumsey, Secretary/Treasurer

2

END OF DOCUMENT

US00016

# TAB NO. 21

INDEXING INSTRUCTIONS: A parcel of land located in the SW 1/4, Section 2, Township 7 South, Range 7 West, Jackson County, Mississippi

STATE OF MISSISSIPPI
COUNTY OF JACKSON

200223201 2 PGS

OFFICIAL RECORDS
JACKSON COUNTY
Jerry Miller
CHANCERY CLERK
RECORDING FEE: $7.00
1 200223201 BK:1279 PG:776-777
08/23/2002 09:10 AM 2 PGS
JWINDHAM,DC Receipt #001366

WARRANTY DEED

FOR AND IN CONSIDERATION of the sum of ten dollars, cash in hand paid, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the undersigned,

C. LAMAR CRISWELL

does hereby sell, convey and warrant unto

THE UNITED STATES OF AMERICA, ITS SUCCESSORS AND ASSIGNS

the following described real property, together with all improvements thereon, located in Jackson County, State of Mississippi, to-wit:

> The South 77 acres of Government Lots 5 & 6, or the South 77 acres of the South ½ of the Southwest 1/4, Section 2, Township 7 South, Range 7 West, Jackson County, Mississippi, subject to all easements of record, subject to prior conveyance of all oil, gas, and other similar subsurface minerals.

This conveyance is subject to all restrictions, reservations and easements affecting said property on file and of record in the Office of the Chancery Clerk of Jackson County, Mississippi.

The property herein conveyed constitutes no part of the Grantor's homestead.

Ad valorem taxes for the year 2002 have been prorated between the parties hereto and the obligation to pay same is assumed by the Grantee herein, who will pay same when due.

The above described land is being acquired for the use and benefit of the U. S. Fish and Wildlife Service of the Department of the Interior.

Witness my signature on this the 3rd day of May, 2002.

C. Lamar Criswell
C. LAMAR CRISWELL

US00100

STATE OF MISSISSIPPI
COUNTY OF HARRISON

Personally appeared before me, the undersigned authority, a notary public in and for the aforesaid jurisdiction, the within named C. LAMAR CRISWELL who acknowledged that he signed and delivered the above and foregoing instrument on the day and year therein set forth and mentioned.

GIVEN UNDER MY HAND and official seal of office, this 3rd day of May, 2002.

NOTARY PUBLIC

My commission expires: My Commission Expires July 26, 2002

(S E A L)

Grantor/Grantors' Address:
6904 Pine Top Road
Lucedale, MS 39452

Phone#: 228-588-2042

Grantee/Grantees' Address:
c/o Elite Ins. Agency, Inc.
3517 Canal Street
New Orleans, LA 70119

Phone #: 504-486-[illegible]500

THIS INSTRUMENT PREPARED BY AND RETURN TO:
PAGE, MANNINO, PERESICH & MCDERMOTT, P.L.L.C.
759 VIEUX MARCHE MALL
BILOXI, MS 39530
228-374-2100

#28093

US00101

# TAB NO. 22

ELITE TITLE N.O. Canal St. FAX NO. 2282144455 No-5453 P. 17/1532

1843 876 SB/070

This instrument prepared by and recordation return to:
Elite Title Insurance Agency, Inc.
2400 14th Street, Suite 101
Gulfport, MS 39501
(228) 214-4461

Indexing Instructions: SE 1/4 of NE 1/4 and the NE 1/4 of the SE 1/4 of Section 7, Township 7 South, Range 7 West, the SW 1/4 of the NW 1/4 and the NW 1/4 of the SW 1/4 of Section 8, Township 7 South, Range 7 West, Jackson County, Mississippi.

Prepared by & return to:
Elite Title Insurance Agency, Inc.
2400 14th St., Ste. 101
Gulfport, MS 39501
228-214-4461

BOO STATE OF MISSISSIPPI, COUNTY OF JACKSON
I certify that this instrument was filed for record in my office at 11:50 o'clock A.m., on the 14 day of May, 2002, and duly recorded on the 14 day of May, 2002 in Book 1843 Page 876
Witness my hand and seal this 14 day of May, 2002.
Terry Miller, Chancery Clerk
By: ______________ D.C.

02-13232

## RELEASE OF DEED OF TRUST

TO THE CHANCERY CLERK OF JACKSON COUNTY, MISSISSIPPI:

You are hereby authorized to release of record by marginal entry the lien of the following deed of trust in favor of The Peoples Bank recorded in the Land Deed of Trust Records in your office as follows:

| | |
|---|---|
| Grantor(s): | Schooner Harbor Ventures, Inc. |
| Dated: | 01/05/00 |
| Book: | 1611 |
| Page: | 53 |

| | |
|---|---|
| Grantor(s): | Schooner Harbor Ventures, Inc. |
| Dated: | 01/05/00 |
| Book: | 1620 |
| Page: | 534, and 539 |

The Peoples Bank is the holder of the indebtedness secured thereby and has never been assigned the same.

Witness the signature of the undersigned on this the 6th day of May 2002.

The Peoples Bank

BY: ______________ Ex. V.P.

STATE OF MISSISSIPPI

COUNTY OF:

Personally appeared before me, the undersigned authority in and for the said parish and state, on this 6th day of May, 2002, within my jurisdiction, the within named Andy Carpenter, who acknowledged that s/he is Exec. V.P. of The Peoples Bank, a banking Corporation, and that for and on behalf of the said corporation, and as its act and deed s/he executed the above and foregoing instrument, after first having been duly authorized by said corporation so to do.

GIVEN under my hand and seal of office, this the 6th day of May, 2002.

Marcia Ann Walker
NOTARY PUBLIC
My Commission Expires: JAN 25, 2006

(NOTARY PUBLIC seal)

END OF DOCUMENT

US00008