# TAB NO. 23

UNITED STATES COURT OF FEDERAL CLAIMS

SCHOONER HARBOR VENTURES, INC. PLAINTIFF

V. NO. 06-87 L

THE UNITED STATES OF AMERICA DEFENDANT

Honorable Marian Blank Horn

**PLAINTIFF'S RESPONSE TO SECOND SET OF REQUESTS FOR ADMISSION**

COMES NOW the Plaintiff, Schooner Harbor Ventures, Inc., by and through its attorneys of record, Rushing & Guice, P.L.L.C., and files this its Response to Requests for Admission propounded by the Defendant, The United States of America, as follows, to-wit:

**REQUEST FOR ADMISSION NO. 9**: Plaintiff spent approximately $300,000 to acquire a "mitigation" or "set up" parcel to be donated to the United States Fish and Wildlife Service.

**RESPONSE**: Admitted.

**REQUEST FOR ADMISSION NO. 10**: Plaintiff paid Jim Horne approximately $10,000 to negotiate the purchase of property that was to be donated to the United States Fish and Wildlife Service as mitigation property.

**RESPONSE**: Denied. Plaintiff paid Jim Horne $10,500.00.

**REQUEST FOR ADMISSION NO. 11**: At or near April 2002 when Plaintiff sold approximately 74.64 acres of its original purchase of approximately 82 acres located in Jackson County, Mississippi, to the United States Navy, the outstanding loan related to the property that is the subject of this lawsuit was approximately $1,000,000.00.

**RESPONSE**: Denied. On May 3, 2002, when the sale to the United States Navy was consummated, the payoff on the outstanding loan related to the property was $854,782.96.

USHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

**<u>REQUEST FOR ADMISSION NO. 12</u>**: Plaintiff incurred no other costs and/or expenses to acquire a "mitigation" or "set up" parcel to be donated to the United States Fish and Wildlife Service other than the expenses and/or costs referred to in Request for Admission Numbers 9 and 10.

**<u>RESPONSE</u>**: Denied. In addition to the purchase price of $300,000.00 and payment to Jim Horne of $10,500.00, John M. "Cappy" Ford was paid a finder's fee of $2,000.00, and Plaintiff incurred costs at closing, including attorney fees to Page, Mannino, Peresich & McDermott of $500.00, title insurance premium to Biloxi Title & Guarranty of $1,200.00, and taxes for 2001 in the amount of $206.65.

Respectfully submitted, this the 26th day of February, 2007.

**SCHOONER HARBOR VENTURES, INC.**

**BY:** ______________________________

**WILLIAM LEE GUICE III**
**MS BAR NO. 5059**
**RUSHING & GUICE, P.L.L.C.**
**P.O. Box 1925**
**Biloxi, MS 39533-1925**
**Phone: 228-875-5263**
**Fax: 228-875-5987**
**E-mail: bguice@rushing-guice.com**

**ATTORNEYS FOR PLAINTIFF**

USHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I served the foregoing via electronic mail and United States mail, on:

Kelle S. Acock, Esq.
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, DC 20044-0663

kelle.acock@usdoj.gov

So certified, this the 26th day of February, 2007.

WILLIAM LEE GUICE III

JSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

# TAB NO. 24

ACOCK, KELLE

UNITED STATES COURT OF FEDERAL CLAIMS

SCHOONER HARBOR VENTURES, INC. PLAINTIFF

V. NO. 06-87 L

THE UNITED STATES OF AMERICA DEFENDANT

Honorable Marian Blank Horn

DEPT. OF JUSTICE - ENRD
ENVIRONMENT DIVISION
MAR -5 P 3:54

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF INTERROGATORIES AND DOCUMENT REQUESTS**

COMES NOW, the Plaintiff, SCHOONER HARBOR VENTURES, INC., by and through its attorneys of record, Rushing & Guice, PLLC, and in response to Defendant's Second Set of Interrogatories and Document Requests, would show as follows, to-wit:

I.

Plaintiff currently is pursuing an investigation of the facts and law relating to this case, and has not completed discovery or preparation for trial. Therefore, the responses (the "Responses") stated herein are given without prejudice to Plaintiff's right to produce evidence of subsequently discovered facts or to add, modify, or to otherwise change or amend the Responses herein. The information stated herein is true and correct to the best knowledge of Plaintiff as of the date of these Responses, and is subject to correction for inadvertent errors, mistakes, or omissions. These Responses are based on information presently available to Plaintiff.

II.

Furthermore, Plaintiff reserves the right to introduce at trial or deposition, or in opposition to any motion or proceeding, all information heretofore or hereafter produced by the parties in this action or by third parties. Plaintiff's Responses are without prejudice to its right to identify or produce at a later date any additional information that maybe discovered as a result of any

ISHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

PLEA
90-1-23-11823

subsequent investigation or review of documents or as a result of any subsequent review of discovery. Plaintiff anticipates discovering and developing information between now and the time of trial that is not included in these Responses. Plaintiff does not waive its right to use such information at the time of trial or in connection with any motion or other proceeding.

III.

In addition, inadvertent identification or production of privileged information by Plaintiff in these Responses is not intended to be a waiver of any applicable privilege. Similarly, the production of such information is not intended to waive any objection to the admission of such information into evidence on motion or at time of trial.

IV.

Plaintiff is responding to Defendant's Second Set of Discovery and to each Request therein as it interprets and understands those Requests. If Plaintiff subsequently asserts an interpretation of any Request that differs from the understanding of Plaintiff, Plaintiff reserves the right to supplement its objections and/or responses therein.

V.

Plaintiff makes these Responses solely for the purpose of, and in relation to, this action. Each Response herein is made subject to all appropriate objections (including, but not limited to, objections concerning competency, relevance, materiality, propriety, and admissibility) that would require the exclusion of any information or thing at the time of trial. All such objections and grounds therefore are reserved and may be interposed at the time of trial.

VI.

Plaintiff states that, except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these Responses. The fact that Plaintiff has responded

JSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

to a Request should not be taken as an admission, or a concession of the existence, of any fact set forth or assumed by such Request, that the information sought by the Request is relevant to this litigation or admissible, or that such Response constitutes evidence of any fact thus set forth or assumed.

**SECOND SET OF INTERROGATORIES**

**INTERROGATORY NO. 13**: Please state with particularity all costs and/or expenditures incurred by Plaintiff to purchase a parcel of property that was to be donated to the United States Fish and Wildlife Service to serve as "set up" or mitigation property.

**ANSWER**: Plaintiffs expended the following sums: the purchase price of $300,000.00 and payment to Jim Horne of $10,500.00, John M. "Cappy" Ford was paid a finder's fee of $2,000.00, and Plaintiff incurred costs at closing, including attorney fees to Page, Mannino, Peresich & McDermott of $500.00, title insurance premium to Biloxi Title & Guarranty of $1,200.00, and taxes for 2001 in the amount of $206.65, all as shown in HUD1 Statement dated May 3, 2002, and previously produced to the Defendant as SHVI0614-0616.

**INTERROGATORY NO. 14**: For the property you contend was taken by Defendant, please state with particularity the purchase price for the option(s) and/or contract(s) entered into with Kelly Singleton and/or the Bryan Company.

**ANSWER**: The purchase price as set forth in the Contract of Sale between Schooner Harbor Ventures and Kelly W. Singleton, dated April 15, 1999, is $23,000.00 per acre for approximately 28 acres plus $5,000.00 per acre for the pond (approximately 10 acres) for the approximate purchase price of $694,000.00, contingent on a survey to determine the net surveyed acres, which said survey was never performed, plus $241,000.00 for Lots 7, 8, 9, 10 and 11 comprised of 300 feet frontage on Highway 57 by 750 feet, for the approximate total of

ISHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

$935,000.00, for the northern portion of the property.

**INTERROGATORY NO. 15**: Please state with particularity each occasion on which Plaintiff, Steven Carter, and/or Larry Rumsey either applied to FWS for an incidental take permit in accordance with Section 10 (16 U.S.C.A. § 1539) of the Endangered Species Act ("ESA") of 1973 as amended, regarding the property at issue in this lawsuit, or contacted FWS at any time prior to learning the Navy was interested in purchasing the property that is the subject of this lawsuit to ascertain whether any proposed development or alterations to the property would impact any federally listed species.

**ANSWER**: None.

**SECOND SET OF DOCUMENT REQUESTS**

**REQUEST NO. 19**: Produce all documents or other tangible things identified, related, or referred to in Defendant's Second Set of Interrogatories.

**RESPONSE**:

1. Contract of Sale between Schooner Harbor Ventures and Kelly W. Singleton, dated April 15, 1999, is attached hereto (SHVI0646-SHVI0653);

2. All other documents responsive to this request have been previously produced.

**REQUEST NO. 20**: Produce all documents and other tangible things used in answering Defendant's Second Set of Interrogatories.

**RESPONSE**:

1. Contract of Sale between Schooner Harbor Ventures and Kelly W. Singleton, dated April 15, 1999, is attached hereto (SHVI0646-SHVI0653);

2. All other documents responsive to this request have been previously produced.

**REQUEST NO. 21**: Produce all documents referring or relating to an option(s) to purchase

ISHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
3ILOXI, MS 39533-1925
228 374-2313

**REQUEST NO. 36:** Produce all documents referring or relating to any incentives, agreements and/or contracts, whether written or oral, with Jackson County, Mississippi, regarding the property that is the subject of this lawsuit.

**RESPONSE:** All documents responsive to this request have been previously produced.

**REQUEST NO. 37:** Produce all documents referring or relating to your communications, whether written or oral, with Jackson County, Mississippi, regarding the property that is the subject of this lawsuit.

**RESPONSE:** All documents responsive to this request have been previously produced.

Respectfully submitted, this the 28th day of February, 2007.

**SCHOONER HARBOR VENTURES, INC., Plaintiff**

**By:** ______________________________

**WILLIAM LEE GUICE III**
**MS BAR NO. 5059**
**RUSHING & GUICE, PLLC**
**P. O. BOX 1925**
**BILOXI, MS 39533-1925**
**228-875-5263 VOICE**
**228-875-5987 FAX**
**bguice@rushing-guice.com**

USHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the foregoing via electronic mail and United States mail, on:

Kelle S. Acock, Esq.
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, DC 20044-0663

kelle.acock@usdoj.gov

So certified, this the 28th day of February, 2007.

WILLIAM LEE GUICE III

USHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

**AFFIDAVIT**

**STATE OF MISSISSIPPI**

**COUNTY OF JACKSON**

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the aforesaid state and county, LARRY RUMSEY, Secretary-Treasurer of SCHOONER HARBOR VENTURES, INC., who, upon being first duly sworn by me, after being authorized to do so, stated on his oath that he has read the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF INTERROGATORIES AND DOCUMENT REQUESTS, and that all statements of fact contained herein are true and correct to the best of his knowledge.

[signature]
**LARRY RUMSEY**

SWORN TO AND SUBSCRIBED BEFORE ME, this the 28th day of February, 2007.

[signature]
**NOTARY PUBLIC**

My Commission Expires:

8-29-08

USHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

# TAB NO. 25

OMB NO. 2502-0265

A. U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT

# SETTLEMENT STATEMENT

B. TYPE OF LOAN:
1. ☐ FHA 2. ☐ FmHA 3. ☐ CONV. UNINS. 4. ☐ VA 5. ☐ CONV. INS.

6. FILE NUMBER: 28093
7. LOAN NUMBER:
8. MORTGAGE INS CASE NUMBER:

C. NOTE: *This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "[POC]" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.*
1.0 3/98 (SCHOONER HARBOR.PFD/28093/11)

D. NAME AND ADDRESS OF BORROWER:
Schooner Harbor Ventures, Inc.
77 Acres in S 2, TS7S, R7W

E. NAME AND ADDRESS OF SELLER:
C. Lamar Criswell
6904 Pine Top Road
Lucedale, MS 39452

F. NAME AND ADDRESS OF LENDER:

G. PROPERTY LOCATION:
77 Acres in S 2, TS7S, R7W
Jackson County

H. SETTLEMENT AGENT: 64-0542332
Page, Mannino, Peresich & McDermott, PLLC

PLACE OF SETTLEMENT
759 Vieux Marche Mall
Biloxi, MS 39530

I. SETTLEMENT DATE
May 3, 2002

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract Sales Price | 300,000.00 | 401. Contract Sales Price | 300,000.( |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower (Line 1400) | 26,947.39 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106. City/Town Taxes to | | 406. City/Town Taxes to | |
| 107. County Taxes to | | 407. County Taxes to | |
| 108. Assessments to | | 408. Assessments to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| *120. GROSS AMOUNT DUE FROM BORROWER* | 326,947.39 | *420. GROSS AMOUNT DUE TO SELLER* | 300,000.C |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | | 501. Excess Deposit (See Instructions) | |
| 202. Principal Amount of New Loan(s) | | 502. Settlement Charges to Seller (Line 1400) | 10,000.0 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first Mortgage | |
| 205. | | 505. Payoff of second Mortgage | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210. City/Town Taxes to | | 510. City/Town Taxes to | |
| 211. County Taxes 01/01/02 to 05/04/02 | 200.00 | 511. County Taxes 01/01/02 to 05/04/02 | 200.0 |
| 212. Assessments to | | 512. Assessments to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| *220. TOTAL PAID BY/FOR BORROWER* | 200.00 | *520. TOTAL REDUCTION AMOUNT DUE SELLER* | 10,200.0C |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross Amount Due From Borrower (Line 120) | 326,947.39 | 601. Gross Amount Due To Seller (Line 420) | 300,000.0C |
| 302. Less Amount Paid By/For Borrower (Line 220) | ( 200.00) | 602. Less Reductions Due Seller (Line 520) | ( 10,200.0C |
| *303. CASH ( X FROM ) ( TO ) BORROWER* | 326,747.39 | *603. CASH ( X TO ) ( FROM ) SELLER* | 289,800.0C |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.

Borrower ______________________
Schooner Harbor Ventures, Inc.

Seller ______________________
C. Lamar Criswell

SHVI 0614

Pag

## L. SETTLEMENT CHARGES

| | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| 700. TOTAL COMMISSION Based on Price $ @ % 10,500.00 | | |
| *Division of Commission (line 700) as Follows:* | | |
| 701. $ 10,500.00 to Jim Home | | |
| 702. $ to | | |
| 703. Commission Paid at Settlement | 10,500.00 | |
| 704. to | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. Loan Origination Fee % to | | |
| 802. Loan Discount % to | | |
| 803. Appraisal Fee to | | |
| 804. Credit Report to | | |
| 805. Lender's Inspection Fee to | | |
| 806. Mortgage Ins. App. Fee to | | |
| 807. Assumption Fee to | | |
| 808. | | |
| 809. | | |
| 810. | | |
| 811. | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. Interest From to @ $ /day ( days %) | | |
| 902. MIP Totins. for LifeOfLoan for months to | | |
| 903. Hazard Insurance Premium for 1.0 years to | | |
| 904. | | |
| 905. | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | |
| 1001. Hazard Insurance months @ $ per month | | |
| 1002. Mortgage Insurance months @ $ per month | | |
| 1003. City/Town Taxes months @ $ per month | | |
| 1004. County Taxes months @ $ per month | | |
| 1005. Assessments months @ $ per month | | |
| 1006. months @ $ per month | | |
| 1007. months @ $ per month | | |
| 1008. months @ $ per month | | |
| **1100. TITLE CHARGES** | | |
| 1101. Settlement or Closing Fee to | | |
| 1102. Fords Atty Fees pd by Seller to John M. Ford, Attorney | | 10,000.0 |
| 1103. Ford's Atty Fees by Purchaser to John M. Ford, Attorney | 2,000.00 | |
| 1104. Attorney Fees to Page, Mannino, Peresich & McDermott, PLLC #54640 | 1,013.00 | |
| 1105. Attorney Fees to Page, Mannino, Peresich & McDermott, PLLC #59029 | 11,527.74 | |
| 1106. Notary Fees to | | |
| 1107. Attorney's Fees to Page, Mannino, Peresich & McDermott, PLLC Closing | 500.00 | |
| *(includes above item numbers:* ) | | |
| 1108. Title Insurance to Biloxi Title & Guaranty | 1,200.00 | |
| *(includes above item numbers:* ) | | |
| 1109. Lender's Coverage $ | | |
| 1110. Owner's Coverage $ 300,000.00 | | |
| 1111. | | |
| 1112. | | |
| 1113. | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. Recording Fees: Deed $ ; Mortgage $ ; Releases $ | | |
| 1202. City/County Tax/Stamps: Deed ; Mortgage | | |
| 1203. State Tax/Stamps: Deed ; Mortgage | | |
| 1204. | | |
| 1205. | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. Survey to | | |
| 1302. Pest Inspection to | | |
| 1303. 2001 Jackson County Taxes to Jackson County Tax Collector 3 parcels | 206.65 | |
| 1304. | | |
| 1305. | | |
| **1400. TOTAL SETTLEMENT CHARGES (Enter on Lines 103, Section J and 502, Section K)** | 26,947.39 | 10,000.00 |

By signing page 1 of this statement, the signatories acknowledge receipt of a completed copy of page 2 of this two page statement.

Page, Mannino, Peresich & McDermott, PLLC
Settlement Agent

Certified to be a true copy.

SHVI 0615

( 28093 / 28093 / 10 )

## BUYER / SELLER CERTIFICATION

**Borrower:** Schooner Harbor Ventures, Inc.
**Seller:** C. Lamar Criswell
**Settlement Agent:** Page, Mannino, Peresich & McDermott, PLLC
(228)374-2100
**Place of Settlement:** 759 Vieux Marche Mall
Biloxi, MS 39530
**Settlement Date:** May 3, 2002
**Property Location:** 77 Acres in S 2, TS7S, R7W
Jackson County

The Buyer and Seller this date have checked, reviewed and approved the figures appearing on the Disclosure/Settlement Statement (Statement of Actual Costs), consisting of two (2) pages. Buyer acknowledges receipt of the payment of the loan proceeds in full, and Seller acknowledges payment in full of the proceeds due Seller from the settlement.

The Buyer and Seller understand that the tax prorations shown on the Settlement Statement are Based on the prior tax periods rate(s). The Buyer and Seller agree to adjust the tax prorations shown on the Settlement Statement when the actual advalorem tax bill is rendered. Seller agrees to forward the next tax bill to Buyer immediately upon receipt of the bill from the tax office. Buyer understands that the next tax bill (even though in the name of the Seller) is the responsibility of the Buyer.

As part of the consideration of this sale, the contract between the parties is by reference incorporated herein and made a part hereof; the terms and conditions contained therein shall survive the closing and shall not merge upon the delivery of the warranty deed.

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Schooner Harbor Ventures, Inc.

C. Lamar Criswell

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

Page, Mannino, Peresich & McDermott, PLLC
Settlement Agent

SHVI 0616

**WARNING: It is a crime to knowingly make false statements to the United States on this or any similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U. S. Code Section 1001 & Section 1010.**

(SCHOONER HARBOR.PFD/28093/9)

# TAB NO. 26

## Title 50—Wildlife and Fisheries

## CHAPTER I—BUREAU OF SPORT FISHERIES AND WILDLIFE, FISH AND WILDLIFE SERVICE, DEPARTMENT OF THE INTERIOR

## PART 17—CONSERVATION OF ENDANGERED SPECIES AND OTHER FISH OR WILDLIFE

### Amendments to Lists of Endangered Fish and Wildlife

By notice of proposed rulemaking published in the FEDERAL REGISTER dated January 15, 1973 (38 FR 1521), notice was given that it was proposed to amend appendixes A and D to part 17 of title 50, Code of Federal Regulations.

Typographical errors in that proposed rulemaking were corrected in the FEDERAL REGISTER of January 22, 1973 (38 FR 2178).

Interested persons were invited to submit their views, data, or arguments regarding the proposed amendment, to the Director, Bureau of Sport Fisheries and Wildlife, Department of the Interior, Washington, D.C. 20240, prior to March 16, 1973. All relevant matters presented have been considered.

Action is being temporarily deferred on listing the red kangaroo *Megaleia rufa*, the western gray kangaroo *Macropus fuliginosus*, and the eastern gray kangaroo *Macropus giganteus* except for the subspecies *Macropus giganteus tasmaniensis*, pending: (1) receipt of additional information requested from the Australian Government on current management practices in each of the five mainland Australian states and the northern territory; (2) development and implementation of a new kangaroo management plan being prepared by the Australian Government; and (3) obtaining firsthand observation of the effectiveness of current management practices as modified by the new management plan. In the interim, careful surveillance of the Australian kangaroo situation will be maintained to assure that the present level of exploitation is not increased and that no other imminent threat to kangaroo populations is implemented or exists. Should any of the conditions above not be met or should they offer substantial evidence that one or more of the three species of kangaroos concerned are endangered now or are imminently threatened with becoming endangered, the Secretary of the Interior will promptly list as "endangered" the species concerned by appropriate amendment published in the FEDERAL REGISTER.

Accordingly, appendix A of part 17 of 50 CFR is amended by adding the following species to the "U.S. List of Endangered Foreign Fish and Wildlife." Information in the "where found" columns below is provided only for informative and advisory purposes, is not exhaustive nor inclusive and has no legal effect.

| Common name | Scientific name | Where found |
|---|---|---|
| Yellow-footed rock wallaby | *Petrogale zanthopus* | Australia. |
| Tasmanian forester. | *Macropus giganteus tasmaniensis.* | Do. |
| Desert bandicoot | *Perameles eremiana.* | Do. |
| Gaimards rat-kangaroo | *Bettongia gaimardi.* | Do. |
| Quokka | *Setonix brachyurus.* | Do. |
| Stick-nest rat | *Leporillus conditor.* | Do. |
| Queensland hairy-nosed wombat. | *Lasiorhinus gillespiei* | Do. |
| Eastern native-cat | *Dasyurus viverrinus* | Do. |
| Numbat | *Myrmecobius fasciatus* | Do. |
| Gould's mouse | *Pseudomys gouldii.* | Do. |
| Ground parrot | *Pezoporus wallicus* | Do. |
| Plain Wanderer | *Pedionomus torquatus.* | Do. |
| Aquatic box turtle | *Terrapene coahuila* | Mexico. |

Consistent with the foregoing, and in recognition of the fact that by listing the species the law will apply to their subspecies as well, the "U.S. List of Endangered Foreign Fish and Wildlife" is further amended by deleting the following subspecies of the species named above:

| Common name | Scientific name | Where found |
|---|---|---|
| Rusty numbat | *Myrmecobius fasciatus rufus* | Australia. |

Appendix D to part 17, of title 50, Code of Federal Regulations is amended by adding the following species or subspecies to the United States List of Endangered Native Fish and Wildlife:

MAMMALS

| *Common name* | *Scientific name* |
|---|---|
| Utah prairie dog | *Cynomys parvidens.* |
| Northern Rocky Mountain wolf. | *Canis lupus irremotus.* |
| Eastern cougar | *Felis concolor cougar.* |

BIRDS

| *Common name* | *Scientific name* |
|---|---|
| Mississippi sandhill crane | *Grus canadensis pulla.* |
| Puerto Rican whip-poor-will. | *Caprimulgus noctitherus.* |
| Santa Barbara song sparrow. | *Melospiza melodia graminea.* |

AMPHIBIANS

| *Common name* | *Scientific name* |
|---|---|
| Desert slender salamander | *Batrachoseps aridus.* |

FISH

| *Common name* | *Scientific name* |
|---|---|
| Okaloosa darter | *Etheostoma okaloosae.* |

It is determined that these amendments to appendixes A and D should be implemented without delay in order to minimize the threats to the continued existence of these animals. Consequently, for good cause found, it is determined that this amendment shall be effective on June 4, 1973.

SPENCER H. SMITH,
*Director.*

MAY 30, 1973.

[FR Doc.73-11099 Filed 6-1-73;8:45 am]

## Title 21—Food and Drugs

## CHAPTER I—FOOD AND DRUG ADMINISTRATION, DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE

## PART 2—ADMINISTRATIVE FUNCTIONS, PRACTICES, AND PROCEDURES

### Subpart H—Delegations of Authority

COLOR ADDITIVES

The Commissioner of Food and Drugs is amending "Part 2—Administrative Functions, Practices, and Procedures" (21 CFR pt. 2) to update the redelegation of the final authority of the Commissioner relating to certification of color additives by correcting the Office and Division titles which were changed by a reorganization of the Bureau of Foods. Further redelegation of the authority redelegated hereby is not authorized. Authority redelegated hereby to a position by title may be exercised by a person officially designated to serve in such position in an acting capacity or on a temporary basis, unless prohibited by a restriction written into the document designating him as "acting" or unless not legally permissible.

Therefore, pursuant to provisions of the Federal Food, Drug, and Cosmetic Act (sec. 701(a), 52 Stat. 1055; 21 U.S.C. 371(a)) and under authority delegated to the Commissioner (21 CFR 2.120), part 2 is amended in § 2.120 by revising paragraph (f) to read as follows:

**§ 2.121 Redelegations of authority from the Commissioner to other officers of the Administration.**

* * * * *

(f) *Delegations regarding certification of color additives.*—The Director and Deputy Director of the Bureau of Foods, the Director and Deputy Director of the Office of Technology of that Bureau, and the Director and Deputy Director of the Division of Color Technology of that Office and Bureau are authorized to certify batches of color additives for use in foods, drugs, or cosmetics, pursuant to section 706 of the Federal Food, Drug, and Cosmetic Act.

* * * * *

*Effective date.*—This order shall be effective on June 4, 1973.

(Sec. 701(a), 52 Stat. 1055; 21 U.S.C. 371(a).)

Dated May 25, 1973.

SAM D. FINE,
*Associate Commissioner for Compliance.*

[FR Doc.73-11094 Filed 6-1-73;8:46 am]