**UNITED STATES COURT OF FEDERAL CLAIMS**

**SCHOONER HARBOR VENTURES, INC.** **PLAINTIFF**

**V.** **NO. 06-87 L**

**THE UNITED STATES OF AMERICA** **DEFENDANT**

**Honorable Marian Blank Horn**

# PLAINTIFF'S SUBMISSION OF CONTESTED ISSUES OF FACT

COMES NOW the Plaintiff, Schooner Harbor Ventures, Inc., by and through its counsel of record, Rushing & Guice, PLLC, and submits its contested issues of fact in the above-styled and numbered cause, and in support thereof would show unto the Court as follows:

## CONTESTED ISSUES OF FACT

DAMAGES

1. It is a contested issue of material fact as to the measure of just compensation.
2. It is a contested issue of material fact as to the difference in fair market value of the property taken with and without the restrictions on use.
3. It is a contested issue of material fact if the Defendant's expert has set the measure of damages at $542,750.00.
4. It is a contested issue of material fact if Defendant's actions amount to an unconstitutional taking, what amount of compensation Plaintiff is due.
5. It is a contested issue of material fact as to the highest and best use of the property.

DEVELOPMENT AND MITIGATION

6. It is a contested issue of material fact as to what extent development is legally permissible under the regulation.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

7. It is a contested issue of material fact as to if the subject property had remained in private ownership, and use of that land (e.g. development) would have resulted in harassing, harming, pursuing, wounding or killing of cranes, would that harassing, harming, pursuing, wounding or killing have been prohibited.

8. It is a contested issue of material fact if the United States Department of the Navy (hereinafter referred to as "Navy") understood that in order for any development to occur on the subject property, mitigation property would have to be purchased.

9. It is a contested issue of material fact if development of the property, without mitigation land, would have resulted in harassing, harming, pursuing, wounding or killing of sandhill cranes.

10. It is a contested issue of material fact if the Plaintiff was required to purchase off site mitigation land in order to close the sale to the Navy.

11. It is a contested issue of material fact if the Plaintiff was required to purchase off site mitigation land in order to close the sale to any purchaser.

12. It is a contested issue of material fact if the Plaintiff was required to purchase off site mitigation land in order to prevent the reduction in market value of the subject property at the sale to any purchaser.

13. It is a contested issue of material fact if the Plaintiff was required to purchase off site mitigation land in order to prevent the reduction in market value of the subject property at the sale to the Navy.

14. It is a contested issue of material fact whether the requirement of mitigation was property specific or was based on the alleged presence of the Mississippi sandhill crane.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

15. It is a contested issue of material fact whether the requirement for mitigation was a contingency in the Navy contract or was a requirement for development of the subject property.

NOTICE

16. It is a contested issue of material fact as to what regulations were known at that time of purchase of the property on January 6, 2000.

17. It is a contested issue of material fact as to what notice Plaintiff had or didn't have of the Endangered Species Act regulation.

18. It is a contested issue of material fact as to the knowledge of Schooner Harbor or its members at the time of execution in 1998 of an option to purchase the subject property from Alicia Pearce, Conservator of Henry Myers.

19. It is a contested issue of material fact as to the knowledge of Schooner Harbor or its members post purchase of the subject property.

20. It is a contested issue of material fact as to if the USFWS communicated findings of the alleged existence of Sand Hill Cranes on the subject property to the Plaintiff.

21. It is a contested issue of material fact as to if the Sand Hill Crane Refuge communicated findings of the alleged existence of Sand Hill Cranes on the subject property to the Plaintiff.

22. It is a contested issue of material fact as to if the Sand Hill Crane Refuge communicated findings of the alleged existence of Sand Hill Cranes on private property to the owners of such private property.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

23. It is a contested issue of material fact as to when the USFWS communicated findings of the alleged existence of Sand Hill Cranes on the subject property to the Plaintiff.

24. It is a contested issue of material fact as to when the Sand Hill Crane Refuge communicated findings of the existence of Sand Hill Cranes on the subject property to the Plaintiff.

25. It is a contested issue of material fact as to how the USFWS communicated findings of the alleged existence of Sand Hill Cranes on the subject property to the Plaintiff.

26. It is a contested issue of material fact as to how the Sand Hill Crane Refuge communicated findings of the alleged existence of Sand Hill Cranes on the subject property to the Plaintiff.

27. It is a contested issue of material fact as to the actual notice of Plaintiff as to the existence of Sandhill Cranes on the subject property at all time relevant to these proceedings.

28. It is a contested issue of material fact as to whether if there was usage of the subject property by Sandhill Cranes, such usage was sufficient to give notice to Schooner Harbor Ventures, Inc.

<u>PERMITS AND DUE DILIGENCE</u>

29. It is a contested issue of material fact if it was reasonable for Schooner Harbor after it purchased the property to not try to get approval from the government under the regulations after being informed of requirement for mitigation in the sale to the Navy.

30. It is a contested issue of material fact if it was reasonable that Plaintiff did not contact the US Fish and Wildlife Service to ascertain whether any proposed development or alterations to the property would impact any federally listed species.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

31. It is a contested issue of material fact if any further benefit would have been gained by additional permitting requests by the Plaintiff after the Plaintiff was informed of the requirement for mitigation in the sale to the Navy.

32. It is a contested issue of material fact whether it was standard practice in Jackson County, Mississippi to investigate if endangered species are located on property during the due diligence period of a buyer in a land sale transaction.

33. It is a contested issue of material fact if it became clear that the permissible uses of the subject property are known to a reasonable degree of certainty after the Plaintiff was informed of the requirement for mitigation in the sale to the Navy.

34. It is a contested issue of materia fact whether there was a due diligence requirement in the contract for sale between Schooner Harbor Ventures, Inc. and the Navy.

35. It is a contested issue of material fact whether there is a standard contingency concerning endangered species in contracts in Jackson County, Mississippi for the sale of real property.

PENN CENTRAL FACTORS

36. It is a contested issue of material fact as to the economic effect of the regulation on the subject property.

37. It is a contested issue of material fact as to what extent the Endangered Species Act interfered with the distinct investment backed by expectation of Plaintiff.

38. It is a contested issue of material fact as to the amount of investment backed expectation of Schooner Harbor Ventures, Inc.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

39. It is a contested issue of material fact if Schooner Harbor Ventures, Inc. had sufficient investment backed expectation under the Penn Central test based on the February 20, 2001, letter the FWS Daphne, Alabama, Ecological Services field office wrote E&E, in which it provided a list of endangered species that may occur on four of the five sites being considered by the Navy, none of which was the sandhill crane.

40. It is a contested issue of material fact as to whether Defendant's actions amount to a regulatory taking of an interest in Plaintiff's property without compensation, in violation of the Fifth Amendment of the United States Constitution.

41. What was the economic effect of the Endangered Species Act on the Plaintiff.

QUESTION OF EXISTENCE OF CRANES ON SUBJECT PROPERTY

42. It is a contested issue of material fact if the only wild population of Mississippi sandhill cranes is on and near the Mississippi Sandhill Crane National Wildlife Refuge ("MSCNWR" or "Refuge") located in Jackson County, Mississippi.

43. It is a contested issue of material fact as to the reliability of the observations noting the Mississippi sandhill crane's usage of the property at issue in this lawsuit since 1985.

44. It is a contested issue of material fact if in 1997, Refuge personnel saw a pair of Mississippi sandhill cranes nesting on a pond located on the property at issue in this lawsuit.

45. It is a contested issue of material fact if a pair of Mississippi sandhill cranes nested twice on the property at issue in this lawsuit in 1998.

46. It is a contested issue of material fact if the alleged "first" nest in 1998 resulted in a hatch of a chick.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

47. It is a contested issue of material fact if Schooner Harbor or its members on or about the time of execution in 1998 of an option to purchase the subject property from Alicia Pearce, Conservator of Henry Myers revoked any authority of the Sand Hill Crane Refuge and any other government agency to be on the subject property without the express permission of Schooner Harbor or its members.

48. It is a contested issue of material fact if the Sandhill Crane Refuge had express permission by Henry Myers or Schooner Harbor Ventures, Inc. or its members to be on the subject property on each occasion documented in the field book of Scott Hereford.

49. It is a contested issue of material fact as to the validity of the methodology used in determining the existence of sandhill cranes on the subject property.

50. It is a contested issue of material fact as to the validity of the methodology used in determining the number of sandhill cranes on the subject property.

51. It is a contested issue of material fact as to the accuracy of the radio telemetry devices used by the Sandhill crane refuge at the time of each and every alleged location of a sandhill crane on the subject property.

52. It is a contested issue of material fact as to the calibration of the radio telemetry devices used by the Sandhill crane refuge at the time of each and every alleged location of a sandhill crane on the subject property.

53. It is a contested issue of material fact as to if the personnel of the Sandhill crane refuge were committing criminal trespass when the alleged sitings or radio telemetry readings of sandhill cranes were recorded on the subject property.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

54. It is a contested issue of material fact as to whether the personnel of the Sandhill crane refuge were ever on the subject property and to record sitings of sandhill cranes, if it is assumed that such personnel were not criminally trespassing.

55. If permission to enter the subject property was never obtained, it is a contested issue of material fact which property the personnel of Sandhill crane refuge were on at the time of each and every alleged siting or radio telemetry readings of Sandhill cranes were recorded on the subject property.

56. It is a contested issue of material fact as to whether Scott Hereford or any personnel of the Sandhill Crane Reguge were ever on the subject property as there is no supporting evidence of same.

57. It is a contested issue of material fact if sandhill cranes were ever on the subject property.

Respectfully submitted, this the 21st day of September, 2007.

**SCHOONER HARBOR VENTURES, INC.**

**BY:** ______________________

**WILLIAM LEE GUICE III**
**MS BAR NO. 5059**
**RUSHING & GUICE, PLLC**
**POST OFFICE BOX 1925**
**BILOXI, MS 39533**
**PHONE: 228/875-5263**
**FAX: 228/374-2313**

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

**CERTIFICATE OF SERVICE**

The undersigned attorney does hereby certify that the above and foregoing was this day electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

KELLE S. ACOCK, ESQ.
UNITED STATES DEPT. OF JUSTICE
P. O. BOX 663
WASHINGTON, DC 20044-0663
kelle.acock@usdoj.gov

This the 21st day of September, 2007.

WILLIAM LEE GUICE III

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313