# EXHIBIT I

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SCHOONER HARBOR VENTURES, INC., | ) | |
| | ) | |
| Plaintiff | ) | No. 06-87L |
| | ) | |
| v. | ) | Honorable Marian Blank Horn |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DECLARATION OF JONATHAN R. BARTKU

I, Jonathan R. Bartku, declare as follows:

1. I am a civilian employee of the United States of America, Department of the Navy. My present duty station is Naval Facilities Engineering Command (NAVFAC), Atlantic, located in Norfolk, Virginia. My present position title is Environmental Engineer, although I have also held positions with NAVFAC as a Supervisory Realty Specialist, Realty Specialist, Environmental Engineer, and Mechanical Engineer. I have been employed by NAVFAC for almost twenty-five (25) years.

2. Between November 1997 and August 2006, my responsibilities as Realty Specialist (November 1997 to March 2005) and Supervisory Realty Specialist (March 2005 to August 20 6) for NAVFAC, Southern Division (located in Charleston, South Carolina) consisted of the planning, acquisition, management, and disposal of military real property. Planning responsibilities included coordinating site selection, preparing planning reports for real propert acquisitions, obtaining surveys/legal descriptions/title evidence as well as reviewing and, when appropriate, incorporating into real estate documentation portions of such requisite documentation as Environmental Baseline Surveys and National Environmental Policy Act documentation prepared by others within NAVFAC. Acquisition responsibilities typically included furnishing data required by law to property owners, negotiating with property owners, preparing the Agreement to Purchase contract, assisting owners in removing clouds on title, preparing documentation to pursue condemnation (when necessary), assisting attorneys in preparing/obtaining settlement statements and closing, and securing payment checks to owners

3. My educational background includes a Bachelor of Science degree in Mechanical Engineering from Clemson University in South Carolina (1983), as well as registration by the state of South Carolina as a Professional Engineer (1989). Real Estate-related qualifications were achieved through on-the-job training as well as through various training courses attended while assigned as a Realty Specialist. One of the primary goals of the on-the-job-training was ensure that the requirements of the NAVFAC P-73, Real Estate Procedural Manual, were satisfied.

4. I am personally familiar with the negotiations for the purchase of the property known ir this lawsuit as "Site 28." I was the primary negotiator as well as author of the Negotiator's Report, signed by me on 4 September 2002, and signed by Director of Real Estate, Mr. E.R. Nelson, Jr., on 4 September 2002. I recognize Mr. Nelson's signature because at the time he signed the document, I had worked for him for approximately five years, and in those five year I had personally seen him sign his name dozens of times. In addition, I had seen his signature or hundreds of other documents. This Negotiator's Report was prepared by me to satisfy the requirements of NAVFAC P-73, Chapter 8 (Acquisition Policies and Procedures), Paragraph 2( (Report of the Negotiator) which states "The negotiator will, in all cases, make a complete written record of the negotiations with respect to each parcel or ownership as appropriate by means of a Negotiator's Report (Appendix 8-B). This record will state the chronological histoı of negotiations together with all elements considered in evaluating the owner's final counterof: r, the recommendation for acceptance or rejection of the counteroffer and the justification for suc recommendation. In the event it is necessary to acquire property through condemnation, copie: of these reports will be included in the condemnation assembly to be submitted to NAVFACENGCOM."

5. As required by the NAVFAC P-73, I prepared and kept a Negotiator's Report for Site 2 at the conclusion of negotiations and closing with the Site 28 property owner. To create the Negotiator's Report, I reviewed and consolidated the written notes I made at or near the time I communicated with the property owner regarding the Navy's potential purchase into an electronic form. After I signed the Negotiator's Report, I presented the Negotiator's Report to Mr. Nelson for his signature. It was my office's regular practice to prepare and retain negotiator's reports for such real estate transactions.

I declare under penalty of perjury pursuant to 28 U.S.C. 1746 that both the information in this Declaration as well as the information in the aforementioned Negotiator's Report are true and correct to the best of my knowledge and belief.

This 11th day of October, 2007.

Jonathan R. Bartku

Jonathan R. Bartku