# EXHIBIT J

NEGOTIATOR'S REPORT

NAVFAC 11011/20 (7-71)

| | |
|---|---|
| 1. PROJECT NUMBER<br>FY02 Housing MCON H-595 | NAME AND LOCATION OF ACTIVITY<br>Naval Station Pascagoula, Mississippi |

| | | |
|---|---|---|
| 2. PARCEL NUMBER(S)<br>"Schooner Harbor Ventures, Inc. (Site 28)" | ACREAGE<br>74.64 Acres Total | ESTATE<br>Fee Simple |

3. NAME AND ADDRESS OF OWNER(S)
Schooner Harbor Ventures, Inc. (Steven B. Carter and Lawrence C. Rumsey), 910 Howard Ave, Biloxi, MS 39530

4. APPRAISALS

| Conducted By | Date | Name | Value |
|---|---|---|---|
| ( ) EFD (x) Contract | 29 Oct 01 | Mr. Everette Ladner | $2,910,000 |
| ( ) EFD ( ) Contract | | | |
| ( ) EFD ( ) Contract | | | |
| | | APPROVED APPRAISED VALUE: | $2,910,000 |

5 GOVERNMENT'S INITIAL OFFER

$1,900,000

6. RESUME OF NEGOTIATIONS (Date, Time, Place and With Whom)

13 Dec 2001: I telephoned Mr. Rumsey to request the asking price for Site 28. He indicated he would discuss it with his partner, Mr. Carter, and call me back. Mr. Rumsey and Mr. Carter telephoned me later in the day to notify me that their asking price was $1,960,000. During a subsequent telephone call to Mr. Rumsey, I asked if they would agree to sell their property for $1,900,000. I also indicated that if any offer was made by the Government, it would include provisions for the Government to pay for the survey, the deed preparation, and other requisite studies. Mr. Rumsey indicated that they would agree to sell for $1,900,000. Mr. Rumsey also confirmed that if an offer to purchase was made by the Government for $1,900,000, he would arrange at no additional cost to the Navy or the United States of America, Department of the Interior, Fish and Wildlife Service (USFWS), for the USFWS to receive a suitable piece of property to serve as mitigation property. This mitigation property would be as described in the 29 Feb 2002 Biological Opinion that addresses impact of the Navy's development of Site 28 on the endangered Mississippi Sandhill Crane. I reminded Mr. Rumsey that these verbal discussions were not a commitment on the part of the Navy, and that no offers to purchase could be made until requisite studies, approvals, and funding were secured.

17 Jan 2002: I telephoned Mr. Rumsey to confirm that they were still interested in selling their property fro $1,900,000 and under the terms discussed in December 2001 (above). Mr. Rumsey indicated they were still interested, and forwarded us a fax indicating their interest and reminding us of the 29 February 2002 expiration of their option to secure the mitigation property selected for donation to USFWS. I again reminded Mr. Rumsey that these verbal discussions were not a commitment on the part of the Navy, and that no offers to purchase could be made until requisite studies, approvals, and funding were secured.

12 April 2002: We sent a written proposed Agreement for Purchase of Real Property to Schooner Harbor Ventures, Inc for the sale of Site 28 to the Navy for $1,900,000. Other conditions of the proposed agreement were as described above.

15 April 2002: Schooner Harbor Ventures, Inc. agreed to the proposed Agreement for Purchase of Real Property as written. They executed the agreement and returned it to us for execution on behalf of the Government.

17 April 2002: The Government also executed the proposed Agreement for Purchase of Real Property.

3 May 2002: We closed on the property in accordance with the fully executed Agreement for Purchase of Real Property.

(Continue on separate sheet)

7. RECOMMENDATIONS

| | Signature | Title | Date |
|---|---|---|---|
| 7.A. NEGOTIATOR<br>Jonathan R. Bartku | | Realty Specialist | 4 Sept 2002 |
| 7.B. DIRECTOR OF REAL ESTATE<br>E. R. Nelson, Jr. | | Director, Real Estate Division | 9-4-02 |

S/N 0105-LF-036-0830